BOONE v. PORTER, County Treasurer and Tax Collector.

No. 6447.   Opinion Filed February 16, 1915.

(146 Pac. 584.)

TAXATION—Property  Subject—School  Land—"Owner Thereof"—Recovery of Taxes Paid.  A vendee of school land of the state, in possession under an executory contract of sale with the commissioners of the land office of the state at the date of the assessment, is the "owner thereof" for the purpose of taxation within the contemplation of section 7307, Rev. Laws 1910, and is not entitled to recover taxes paid thereon under protest.

(Syllabus by the Court.)

Error from District Court, Comanche County;

J. T. Johnson, Judge.

Action by Shubal S. Boone against J. L. Porter, as County Treasurer and Tax Collector of Comanche County.  Judgment for defendant, and plaintiff brings error.  Affirmed.

R. J. Ray, for plaintiff in error.

Chas. West, Atty. Gen., and S. I. McElhoes, Asst. Atty. Gen., for defendant in error.

TURNER, J.  From a judgment of the district court of Comanche county rendered and entered December 11, 1913, sustaining a general demurrer to his petition, Shubal S. Boone, plaintiff in error, plaintiff below, brings the case here.  After alleging himself to be a resident of the city of Lawton, and defendant, Joe L. Porter, to be the county treasurer of said county, and, as such, the duly authorized and acting tax collector thereof, the petition substantially states that, prior to May 1, 1911, the commissioners of the land office of the state caused certain school lands to be platted into lots and blocks as an addition to said

city, and recorded the same, and designated said addition as the
Butler addition to said city; that prior thereto plaintiff was in
possession of lots, 13, 14, 15, 16 and 17 of block 8 in said addi-
tion, as lessee of the commissioners, who, on said day, sold said
lots at public sale to him as the highest bidder, whereupon he
paid one-tenth of the purchase money in cash and executed to the
commissioners his certificate of purchase-money notes for ten
deferred annual payments of $151.20 each, to be paid on the 1st
day of May in each and every year thereafter, with interest until
paid; that the commissioners thereupon issued to him their certifi-
cate by purchase for the lots, by virtue of all of which, he says,
he has ever since been in possession; that he has paid two annual
installments, and expects to pay the remainder when due; that
said lots have been assessed for state, county, municipal, and
school district taxes for 1912, and that defendant, as county
treasurer, has advertised the same for sale to pay said tax, ag-
gregating $50.55, which plaintiff paid to him under protest, and
with notice that he would thereafter sue to recover the same.
Wherefore he prays judgment, etc. Both sides agree that the only
question raised is: "Are school lands of the state, after sale
and before full payment of the purchase price, taxable by the
state?" We think they are, because the statute says so. The
statute in force at the time was Rev. Laws 1910, sec. 7148.
Pertinent to this inquiry it reads:

"The commissioners of the land office shall, as soon as possi-
ble after the sale of lands, transmit to the clerk of each county
in which any lands mentioned in this article have been sold, a
detailed description of each parcel of the land so sold and the
names of the purchasers, and the clerk shall extend the same upon
the tax rolls for the purpose of taxation; and the same shall
thereupon become subject to taxation the same as other lands,
and the taxes assessed thereon collected and enforced in like
manner as against other lands: Provided, however, that the pur-
chaser, at a tax sale of any such land sold for delinquent taxes,
shall only acquire, by virtue of such purchase such rights and
interest as belong to the holder and owner of the certificate of

sale issued by the commissioners of the land office under the provisions of this article and the right to be substituted in the place of the holder and owner of such certificate of sale as the assignee thereof; and upon a production to the proper officer of a tax certificate given upon such tax sale, in case such lands have been redeemed such tax purchaser shall have the right to make any payment of principal or interest then in default upon such certificate of sale as the assignee thereof. But no tax deed shall be issued upon any tax certificate procured under the provisions of this article while legal title of said lands remains in the state of Oklahoma."

But it is contended that, as the state by this statute is attempting to tax her own lands, the same is in conflict with section 6, art. 10, of the Constitution, which exempts state lands from taxation. Not so. After this sale the state was not the owner of these lands, but plaintiff was the "owner thereof" within the contemplation of Wilson's Stat. 1903, sec. 5931 (Rev. Laws 1910, sec. 7307). This for the reason that he was a vendee in possession under an executory contract of sale at the time of their assessment. In *Bowls v. Oklahoma City et al.,* 24 Okla. 579, 102 Pac. 902, 24 L. R. A. (N. S.) 1299, we held such a one to be the real owner for the purpose of taxation.

As we see no reason to depart from our holding in that case, the judgment of the trial court is affirmed.

All the Justices concur.