## ZIMMERMAN v. BOARD OF COM'RS OF CIMARRON COUNTY.

No. 7886—Opinion Filed Jan. 2, 1917.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 489.)

### Taxation—Lands Subject—School Lands.

A vendee of school lands of the state, in possession under a contract of sale with the commissioners of the land office at the date of the assessment, is the owner thereof within the contemplation of section 7307, Revised Laws 1910, for the purpose of taxation; and such vendee cannot avoid the payment of taxes upon such lands, assessed for taxation at their fair cash value, estimated at the price they would bring at a fair voluntary sale.

(Syllabus by Campbell, C.)

Error from District Court, Cimarron County; W. C. Crow, Judge.

Application by Warren Zimmerman to the Board of Equalization to have an assessment of his lands equalized, opposed by the Board of Commissioners of Cimarron County. On appeal to the district court, the action of the Board of Equalization was affirmed, and applicant brings error. Affirmed.

John L. Gleason, for plaintiff in error.

I. E. Hill, for defendant in error.

Opinion by CAMPBELL, C. Warren Zimmerman made his application to the board of equalization of Cimarron county to have the assessed valuation of his lands equalized and reduced. He showed to such board the fact that he was in the possession of such land as a purchaser thereof from the commissioners of the land office, and had only made one payment on the purchase price, which was only 5 per cent. of the amount thereof, and that he should not be required to pay taxes upon the fair cash value of such land. He conceded the fact that the lands were fairly worth the amount for which they were assessed for taxation, but contended that, inasmuch as he had only paid 5 per cent. of the purchase price, the assessment for taxation as against him should be reduced to such per cent. of the fair cash value. The board refused and denied his application, and he appealed to the district court of Cimarron county, where the matter was heard upon an agreed statement of facts. The district court affirmed the action of the board of equalization, and from such judgment he appeals to this court and brings the record here by transcript.

Under the agreed statement of facts, the lands were assessed for taxation at their fair cash value against the plaintiff in error at a time when he was in possession under a contract of sale. He had paid only 5 per cent. of the consideration, and held only the interest which had accrued to him by virtue of a contract of sale with the commissioners of the land office.

The contract of sale is the one in general use, and embraces all the provisions required by law to be incorporated therein, and contains the following express provision:

"This certificate is issued and accepted by said purchaser subject to all of the conditions of article 2 of chapter twenty-eight of the laws of the state of Oklahoma for the year 1909, or any act amendatory thereof."

By virtue of the above provision of the certificate of purchase issued to the plaintiff in error by the commissioners of the land office, as well as by virtue of the statutory rule of construction of contracts, section 7148 of Rev. Laws 1910 becomes an interpolated part of the contract of sale under which the plaintiff in error was in possession of said land. This section, in part, provides as follows:

"The commissioners of the land office shall, as soon as possible after the sale of lands, transmit to the clerk of each county in which any lands mentioned in this article have been sold, a detailed description of each parcel of the land so sold and the names of the purchaser, and the clerk shall extend the same upon the tax rolls for the purpose of taxation, and the same shall thereupon become subject to taxation the same as other lands, and the taxes assessed thereon collected and enforced in like manner as against other lands."

This statute prescribes one of the conditions referred to and contemplated by the

above provision of the certificate of purchase, and the purchaser bought the lands assessed for taxation against him with reference thereto.

All the questions urged by plaintiff in error have been decided adversely to his contention by this court in the case of Boone v. Porter, County Treasurer, etc., 45 Okla. 615, 146 Pac. 584, wherein it was held:

"A vendee of school land of the state, in possession under an executory contract of sale with the commissioners of the land office of the state at the date of the assessment, is the 'owner thereof' for the purpose of taxation within the contemplation of section 7307, Rev. Laws 1910, and is not entitled to recover taxes paid thereon under protest."

In the opinion by the court in the above case, it was said:

"Both sides agree that the only question raised is: 'Are school lands of the state, after sale and before full payment of the purchase price, taxable by the state?' We think they are, because the statute says so."

The decision of this court in the case supra effectually disposes of the controversy between the parties to this appeal; and, upon the principle announced therein, the judgment of the district court of Cimarron county is right. The judgment appealed from is affirmed.

By the Court: It is so ordered.