## MORRIS et al. v. BOARD OF COM'RS OF LOVE COUNTY.

No. 8277—Opinion Filed Nov. 20, 1917.

Rehearing Denied Jan. 28, 1919.

(177 Pac. 900.)

**Taxation—Alienation of Nontaxable Land—Title of Purchaser.**

Where nontaxable Indian lands become taxable on alienation, a vendee, who takes possession of such lands under an executory contract of sale, has the equitable title thereto and is the owner thereof for the purpose of taxation.

(Syllabus by Stewart, C.)

Error from District Court, Love County; W. F. Freeman, Judge.

Action by C. E. Morris and another against the Board of County Commissioners of Love County. Judgment for defendant, and plaintiffs bring error. Affirmed.

Graham & Logsdon, for plaintiffs in error.

R. A. Keller, for defendant in error.

Opinion by STEWART, C. This cause of action began by filing an affidavit of erroneous assessment on the part of the plaintiffs, before the board of county commissioners of Love County, Okla. From an adverse order of the board of county commissioners, plaintiffs appealed to the district court.

The facts in this case show that Charles S. Maupin and Laurina P. Maupin, husband and wife, by virtue of membership in the Choctaw Tribe of Indians, were the original allottees of certain lands; that on February 2, 1914, they entered into a contract with the plaintiffs for the sale of said lands to the plaintiffs in consideration of $2,540 in cash and $13,000 in deferred payments evidenced by 14 promissory notes; that the said allottees made and executed deeds to the plaintiffs to the land involved, and the plaintiffs paid the cash consideration and executed the

notes agreed upon, the notes and deed being placed in a bank, together with a written escrow agreement that on the payment of the notes the deed was to be delivered to the grantees by the bank; that the payments on said notes should be made to the bank and delivered to the grantors as paid; the contract further providing that, in the event the land involved or any part thereof should become taxable prior to the full and complete payment of the purchase money therefor, the grantees should pay such taxes. The grantees took possession of the land and have held the same since the making of such escrow agreement. The trial court sustained the action of the board of county commissioners and directed the tax assessor to extend the land on the tax rolls for the years 1914 and 1915, from which action of the court the plaintiffs duly appeal.

The only question involved in this case is whether or not the land in question, being nontaxable in the hands of the Indian allottees, became taxable as the property of the plaintiffs after the making of the executory agreement for the purchase of the same and the taking possession thereof by the plaintiffs. Our statutes provide that land shall be assessed in the name of the owner thereof. It is not required that the owner have the legal title, and it is well settled by this court that, for the purpose of taxation, equitable ownership is sufficient. In Bowles v. Oklahoma City et al., 24 Okla. 579, 104 Pac. 902 (24 L. R. A. [N. S.] 1299), the syllabus reads:

"A vendee of realty, in possession under an executory contract of sale at the date of the assessment, is the real owner for the purpose of taxation, and that, too, whether prior to said sale the same was subject to taxation in the hands of his vendor or not."

Mr. Justice Turner, who wrote the opinion, says in the body thereof:

"We are of the opinion that it is immaterial whether the property in question was or was not before said sale to him taxable in the hands of plaintiff's vendor, for the reason that, whether thus taxable or not, it would become taxable as the property of plaintiff on the vesting in him of the equitable title thereto. Plaintiff, then, is rather likened to one who holds a final certificate for lands purchased from the United States of which said lands it has been held that the purchaser holds the equitable title, and while, of course, not taxable in the hands of the United States, are taxable in his hands."

The decision is followed by this court in Boone v. Porter, County Treasurer, 45 Okla. 615, 146 Pac. 584, wherein the syllabus reads:

"A vendee of school lands of the state, in possession under an executory contract of sale with the commissioners of the land office of the state at the date of the assessment, is the owner thereof for the purpose of taxation within the contemplation of section 7307, Rev. Laws 1910, and is not entitled to recover taxes paid thereon under protest."

The holding of this court is supported by the great weight of authority throughout the United States. In Copp et al. v. State et al., 69 W. Va. 439, 71 S. E. 580, 35 L. R. A. (N. S.) 669, will be found an exhaustive list of authorities sustaining the proposition that one who has the equitable title to lands, the legal title of which is vested in the United States, is liable for taxes on the same, notwithstanding the land would not be taxable so long as the title remained in the United States. In the notes to such opinion in 35 L. R. A. (N. S.) will be found hundreds of cases from the Supreme Court of the United States and courts of last resort in the various states of the Union.

It is assumed by counsel for each of the parties in the case at bar that, on the alienation by the Indian allottees, the lands involved would become taxable; but it is contended that the title would not pass from the grantors until the payment of the deferred amounts and delivery to plaintiffs of the deed. It appears that an ingenious effort was made by the plaintiffs to escape the legal effect as to taxation of their purchase of the lands. We cannot see that Indian land, exempt from taxation, is clothed, after alienation, with any greater sanctity than other land not subject to taxation before sale thereof. It being settled by this court that, though lands may not be subject to taxation in the hands of the original grantor, the vendee in possession of the same, under an executory contract of sale, is liable for taxes accruing after the contract of sale, we do not hesitate to apply such principle to the facts in the case at bar. Hence we hold that, after plaintiffs took possession under the contract of sale, the plaintiffs had such equitable ownership as would render the lands subject to taxation as their property.

We find there was no error on the part of the trial court, and the judgment is, accordingly, affirmed.

By the Court: It is so ordered.