IN RE ESTATE OF CHARLES H. RUDGE.
LINCOLN TRUST COMPANY, EXECUTOR, APPELLEE AND CROSS-APPELLEE: TRUSTEES OF WYUKA CEMETERY, APPELLANT AND CROSS-APPELLEE: WARDENS AND VESTRYMEN OF THE CHURCH OF THE HOLY TRINITY, APPELLEE AND CROSS-APPELLANT, V. COUNTY OF LANCASTER, APPELLEE AND CROSS-APPELLEE.

FILED FEBRUARY 12, 1926.   No. 23580.

1. **Taxation:** INHERITANCE TAX. The inheritance tax, provided by section 6153, Comp. St. 1922, is not a property tax, but a tax upon the right of succession. It is in the nature of an excise tax upon a right created by statute.

2. ———: ———: EXEMPTIONS. Statutes exempting certain legacies from an inheritance tax should be strictly construed. To be exempt from an inheritance tax, a legacy must come within the strict letter of the statutory exemption.

3. ———: ———: LEGACY TO RELIGIOUS SOCIETY. A legacy to a religious society is subject to the inheritance tax provided by section 6153, Comp. St. 1922.

4. ———: ———: LEGACY TO STATE. A sovereign state may permit an inheritance tax to be levied against a legacy to itself or to any of its subdivisions or governmental agencies.

5. ———: ———: LEGACY TO GOVERNMENTAL AGENCY. Section 6153, Comp. St. 1922, construed, and *held* that a legacy to a governmental agency created by the state is subject to the inheritance tax, as in said section provided.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Hall, Cline & Williams,* for appellant.

*Charles E. Matson, Max G. Towle, E. S. Ripley* and *Holmes & Chambers, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

This action comes to this court on appeal as a case stated under rule 14 (94 Neb. XIII) and presents for determination two questions: (1) Is a legacy by a citizen and resident of Nebraska to the trustees of Wyuka Cemetery, a body politic and corporate under and by virtue of the provisions of sections 405 to 413, inclusive, Comp. St. 1922, subject to an inheritance tax under the laws in force in this state in 1921? (2) Is a legacy by a citizen and resident of Nebraska to the wardens and vestry of the Church of the Holy Trinity, a religious corporation, whose property and bequests to it are used for religious purposes, and not used, either directly or indirectly, for gain or profit, subject to an inheritance tax under the laws in force in this state in 1921? The county court held that both legacies were subject to the tax, and on appeal to the district court a like holding was there made. Both legatees have appealed.

The answer to both questions presented for determination hinges upon the correct interpretation of the provisions of section 6153, Comp. St. 1922. That section, in so far as necessary to a determination of the questions presented, is as follows: "All property, real, personal and mixed which shall pass by will * * * from any person who may die seised or possessed of the same while a resident of this state, * * * to any person or persons or to any body politic or corporate in trust or otherwise, * * * shall be and is subject to a tax."

The wardens and vestry of the Church of the Holy Trinity contend that the legacy to them is not subject to an inheritance tax, because, under the Constitution and statutes of this state, the property of religious societies used exclusively for religious purposes is not subject to general

taxation, where such property is not owned or used for financial gain or profit to the owner or user. If the inheritance tax, provided for by section 6153, *supra,* were a property tax attempted to be levied upon property of a religious society used for religious purposes, and not for gain or profit, then the ruling of the lower court would be wrong; but this court has heretofore held in *State v. Vinsonhaler,* 74 Neb. 675, that an inheritance tax is not a property tax, but one upon the right of succession. It is, in fact, an excise tax upon a right created by statute. But for the statutes of the state, a religious society could not take under the will of a testate decedent. The state has given the privilege to the owner of property to devise or bequeath it and has given to religious societies the right of receiving legacies under the will of a testate decedent. It clearly has the power to impose an excise tax upon such right.

It is a familiar rule that statutes exempting property from taxation should be strictly construed, and one contending that his property is exempt from such tax must show clearly that he is within the exceptions provided by statute. *Young Men's Christian Ass'n v. Douglas County,* 60 Neb. 642; *Watson v. Cowles,* 61 Neb. 216; *House of the Good Shepherd v. Board of Equalization,* 113 Neb. 489. The same rule should be applied to a statute exempting certain legacies from an inheritance tax. To be exempt from an inheritance tax, a legacy must come within the strict letter of the statute. A careful examination of the statute under consideration does not disclose that a legacy to a religious or charitable society is exempt from an inheritance tax. On the other hand, the language of the statute is most sweeping in its terms, and declares that a legacy "to any person or persons or to any body politic or corporate in trust or otherwise" shall be subject to a tax.

Speaking with reference to the rule of strict construction of exemptions from taxation, an eminent jurist has said: "It is also a very just rule that, when an exemption is found to exist, it shall not be enlarged by construction.

On the contrary it ought to receive a strict construction; for the reasonable presumption is that the state has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute the favor would be extended beyond what was meant. On this ground it is held that an exemption of property from taxation will not preclude business or privilege taxes being imposed on the favored class, and that bequests to colleges, etc., may be taxed under the general statute taxing bequests, though after being received they would be exempt under the general statute exempting the property of such institutions." 1 Cooley, Taxation (3d ed.) 357-360, and cases there cited. The rule is announced in 37 Cyc. 1572 that a legacy to a charitable, educational or religious institution is not exempt from taxation merely because the property of the institution is exempt from general taxation.

From a consideration of the statute and authorities above cited, it seems clear that the legacy to the wardens and vestry of the Church of the Holy Trinity is subject to the inheritance tax.

The trustees of Wyuka Cemetery concede that the tax imposed under section 6153, Comp. St. 1922, is a tax upon the right of succession to property, and not upon the estate. They argue, however, that the property of the trustees of Wyuka Cemetery is state property, managed by a body corporate created by the state legislature, and that statutes, in general terms, do not affect the state or its subdivisions if they, in any way, restrict or diminish the state's rights, and that statutes will not be construed as imposing a tax upon the property of the state or its agencies, unless clearly expressed or necessarily implied.

In 1869 the legislature of the state, by legislative act, provided for a state cemetery, to be managed and controlled by a board of three trustees, and created such trustees a body corporate. The body corporate, so created, is one of the appellants. It may be conceded that, ordinarily, statutes, in general terms, do not affect the state

or its subdivisions, if such statutes in any way restrict or diminish the rights of the state or its subdivisions, and that statutes will not be construed as imposing a tax upon the property of the state or its agencies, unless clearly expressed or necessarily implied. However, as heretofore pointed out, the statute in this instance does not impose a tax upon property, but imposes an excise tax upon a privilege, viz., the right of succession to property under a will.

It is a rule universally recognized that a sovereign state may permit its property to be taxed in the same manner and to the same extent as privately owned property may be taxed. It may also permit an inheritance tax to be levied against a legacy to itself or any of its subdivisions or governmental agencies. The real question here is: Does the statute in question clearly express or necessarily imply that a legacy to the state or one of its governmental subdivisions shall be subject to the inheritance tax?

Similar statutes of other states providing for an inheritance tax have been construed upon this point, and there is a lack of harmony in the reported decisions. The courts of last resort of Tennessee and Colorado have taken the view, under statutes very similar to our own, that a legacy to a governmental agency or subdivision of the state is not subject to an inheritance tax. See *Henson v. Monday*, 143 Tenn. 418; *In re Inheritance Tax Macky Estate*, 46 Colo. 79, 23 L. R. A. n. s. 1207. One of the reasons for the decision by the Colorado court is that the taxation of such property would render necessary new taxes to meet the demand of the tax imposed; that the public would be taxing itself in order to raise money to pay to itself; that, although the state has the power to do so, the process would be a useless one and no one would be benefited except the officer employed whose compensation would go to increase the tax levy. Such reasons would not be pertinent to the case. Wyuka Cemetery is not at present, and so far as we are advised never has been, supported by any tax authorized by the state. A gift was originally made by the state to

the body corporate, created by the legislature. Since that time, so far as we are advised, no taxes have been levied for its support, nor has any authority been given for the levy of a tax for its support or maintenance. However, we do not desire to base a decision upon that distinction.

The courts of last resort of New York and Kentucky and the United States supreme court have taken a different view than that of the courts of Colorado and Tennnessee. In *Leavell's Admr. v. Arnold,* 131 Ky. 426, the supreme court of Kentucky held:

"The act imposing inheritance taxes makes no exception in favor of either legatees who may be indebted to the estate, or charitable or religious institutions.

"The tax imposed by the act imposing an inheritance tax is not levied on the fund, but on its transmission, and must be paid before the fund can become the property of the beneficiary, so that the argument that it is against public policy to levy the tax on funds devised to a public school is not applicable."

In *In re Cullum's Estate,* 25 N. Y. Supp. 699, affirmed in 145 N. Y. 593, it was held that a bequest to the United States is liable to a state succession tax. And in *United States v. Perkins,* 163 U. S. 625, the rule was laid down that, while property of the United States is not taxable by a state, yet the inheritance tax law of New York is broad enough to include legacies to the United States, and is not invalid as an attempt to tax the property of the state, since the tax was on the legacy before it reached the hands of the government.

In considering the interpretation which should be placed upon our own statute, we are inclined to follow the rules adopted by the United States supreme court and the supreme courts of New York and Kentucky. The language of our statute, designating those whose legacies are subject to the tax, is broad and comprehensive and is sufficient to include the state and any of its governmental subdivisions or agencies. The language, "to any person or persons or to any body politic or corporate," would necessarily include

the state and all of its governmental agencies created by it. Had the legislature desired to relieve legacies to the state, or to its governmental agencies, from the inheritance tax, we think that it would have so stated in the exemption clause of the statute. It possessed, but failed to exercise, that power. We are of the opinion that under the statute the legacy to the trustees of Wyuka Cemetery is subject to the inheritance tax.

The judgment of the district court is

AFFIRMED.

Note—See 23 L. R. A. n. s. 1208; 48 L. R. A. n. s. 373; 17 A. L. R. 1050 et seq.; 26 R. C. L. p. 227; 3 R. C. L. Supp. p. 1463; 4 R. C. L. Supp. p. 1652.