## BOARD OF COM'RS OF McCLAIN COUNTY v. OKLAHOMA TAX COMMISSION.

No. 28972.   Oct. 17, 1939.

Rehearing Denied Nov. 7, 1939.

Spiers & Bodovitz, of Oklahoma City, for plaintiffs in error.

Dick Jones, A. L. Herr and C. D. Stinchecum, all of Oklahoma City, for defendant in error.

HURST, J. The question for determination in this case is whether a new privately owned tractor, on which no motor registration fee or motor excise tax had been paid in this or any other state, which is being used by a county under a lease contract requiring the county to pay a rental of $500 and all registration fees and excise taxes that might be assessed against it, is exempt from the regular motor registration license fee and motor vehicle excise tax imposed

by sections 7 and 8, art. 7, chapter 50, Sess. L. 1937 (47 Okla. St. Ann. §§ 19f, 19g.) The lease was for five months from August 1, 1938. The owner, Oklahoma Tractor & Equipment Company, and the lessee, McClain county, made joint application for certificate of title and registration certificate, and the county tendered $1 to pay the registration fee required of municipalities by section 13, art. 7, ch. 50, Sess. L. 1937 (47 Okla. St. Ann. § 191). The Tax Commission denied the claim for exemption, and held the owner liable for the $1 certificate of title fee, $48 registration fee, and $68 excise tax. From that order the owner and lessee appeal.

1. Appellants first claim exemption from payment of the registration fee and excise tax by reason of the provisions of section 6, art. 10, of the Oklahoma Constitution.

But in City of Ardmore v. State ex rel. Oklahoma Tax Commission (1934) 168 Okla. 316, 32 P.2d 728, it was held that the exemption contained in said constitutional provision was intended to apply only to ad valorem taxes on specific property. It follows that appellants are not entitled to exemption from the registration fee and excise tax by reason of the constitutional provision relied on, which exempts from taxation "all property of the United States, and of the state, and of counties and of municipalities of this state."

2. Appellants next claim exemption from payment of the registration fee under sections 2 and 13, art. 7, ch. 50, Sess. L. 1937 (47 Okla. St. Ann. §§ 19a and 191).

Section 2 defines owner as "any person owning or possessing any vehicle, as herein defined."

Section 13 provides that "vehicles owned by the United States of America, by the state, or by any city, county, or school district of this state, shall be registered each year for the nominal registration fee of one ($1) dollar after having obtained proper Oklahoma certificate of title. All other vehicles shall be registered at the regular rate provided by this act."

(a) Appellants first contend that legal title is not the criterion in Oklahoma for the imposition of taxes. In support of this contention they cite Rose v. Stalcup (1920) 78 Okla. 268, 190 P. 396; Morris et al. v. Board of Commissioners of Love County (1919) 74 Okla. 199, 177 P. 900; Boone v. Porter (1915) 45 Okla. 615, 146 P. 584, and Mondie v. General Motors Acceptance Corporation (1936) 178 Okla. 584, 63 P.2d 708. The first three cases hold that purchasers of lands under executory or conditional sale

contracts are owners within the purview of the taxing statutes; the fourth holds that title to a chattel does not vest in the purchaser under a conditional sales contract. We fail to see wherein these cases are applicable.

The first three have to do with the ownership of property for purposes of ad valorem taxation. They have nothing to do with liability for excise taxes, which must be governed by the language peculiar to the statutes imposing such taxes.

(b) Appellants next contend that in the state of Oklahoma the use to which property is put determines under what terms or provisions it shall be taxable. They quote, without argument, from Board of Equalization of Carter County v. Carter Oil Co. (1931) 152 Okla. 99, 3 P.2d 816, and Josey Oil Co. v. Board of Com'rs of Payne County (1924) 107 Okla. 266, 231 P. 272, cases involving equipment used in producing oil upon which exemption was claimed under a statute providing for a gross production tax upon oil which was in full and in lieu of a direct or ad valorem tax upon equipment, appliances, and machinery used in and around any oil and gas well and actually used in the operation of such well. We do not consider these cases applicable, for the reason that the statute involved provided plainly for an exemption based on use, and thus is distinguishable from the statutes under consideration here. State v. Oklahoma Beta of Phi Beta Phi Sorority (1936) 176 Okla. 186, 55 P.2d 133, is also inapplicable for the reason that there the exemption was claimed and allowed under section 6, art. 10, of our Constitution. City of Ardmore v. State ex rel. Oklahoma Tax Commission, supra.

(c) Appellants next urge that the provisions of the statutes above set forth clearly show an intention that the user of the property shall be liable for the taxes. This brings us to the decisive question in the case. It will be noted that while the act (sec. 2, supra) defines "owner" as any person owning or possessing any vehicle, the exemption (sec. 13, supra) is narrower in scope, being restricted to property owned. In various portions of the act reference is made to persons owning or possessing vehicles, but the exemption section refers to those owning solely. The definition of the "owner," and the use of the term owning or possessing, in other sections of the act renders it apparent that the choice of the word "owned" in the exemption section was deliberate, and this is accentuated by the further provision that all other vehicles must be registered

at the regular rate. Exemption statutes are strictly construed against the exemption. Home Building & Loan Ass'n of Shawnee v. State (1931) 156 Okla. 89, 9 P.2d 731; Wenner v. Mothersead (1927) 129 Okla. 273, 264 P. 816. And an exemption from taxation will not be created by implication, but must be granted in terms too plain to be mistaken. 26 R. C. L. 313. Nor does the exemption of state property extend to that belonging to a private corporation, though used for strictly public purposes. 26 R. C. L. 331. And the cases cited by appellants, Egan Consolidated School v. Minnehaha Co. (S. D. 1936) 270 N. W. 527, and Aberg v. Moe (Wis. 1929) 224 N. W. 132, in our judgment do not sustain their argument, as they hold property *owned* by the municipal body not taxable, although not devoted exclusively to public use, thus, as in our statute above quoted, making ownership and not use the criterion for exemption purposes. As said in Aberg v. Moe, supra, "It is title, rather than use, which determines whether or not it is exempt." We conclude that the tractor is not a vehicle *owned* by the board of county commissioners of McClain county, and that the exemption does not extend to it.

3. The tractor, not being eligible to registration as property of a subdivision of the state, does not, as urged by appellants, come under the exception to the motor vehicle excise tax contained in section 11, art. 8, ch. 50, Sess. L. 1937, which provides that the excise tax shall not apply to "any vehicle registered by the state of Oklahoma, or by any of the political subdivisions thereof."

4. Appellants' last contention is that under the lease the board of county commissioners of McClain county must pay the taxes, and therefore the action of the Tax Commission is in effect the collection of a tax from the county. While the terms of the lease may define the rights of the parties thereto as between themselves, they cannot operate to divest the state of the right to collect taxes due, unless thereby the property leased is converted into exempt property. Holding as we do that the lease does not effect such change in status, we are not here concerned with its operation as a private contract. If, under the contract, the lessee has agreed to pay a rental of $500 plus what fees and taxes the owner is required to pay, that is a matter with which the Tax Commission has no concern. We are of the opinion that the state cannot be deprived of its revenue by any such arrangement.

Affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, and DAVISON, JJ., concur. WELCH, V. C. J., and DANNER, J., dissent.