Earl WARD, C. D. Mitchell, and Baylis L. Graham, as Co-Administrators of the Estate of William A. Graham, Deceased, et al., Plaintiffs in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

Nos. 36305, 36306.

Supreme Court of Oklahoma.

June 4, 1957.

Rehearing Denied Jan. 28, 1958.

Application for Leave to File Second Petition for Rehearing Denied March 4, 1958.

Wilkerson & Wilkerson, Pryor, Conner, Winters, Randolph & Ballaine, Earl M. Knight, Tulsa, Harve N. Langley, Lincoln Battenfield, Pryor, J. Ralph Moore, City Atty., Pryor, and William M. Thomas, Jr., County Atty., Pryor, for plaintiffs in error.

R. F. Barry, E. J. Armstrong, W. F. Speakman, Oklahoma Tax Commission, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

Consolidated herein is one appeal by the executors of the estate of W. A. Graham, deceased, from an order of the Oklahoma Tax Commission (hereinafter referred to merely as the "Commission") assessing gift taxes, and another appeal by the same appellants (hereinafter referred to as "the estate") from an order of said Commission assessing estate taxes.

Prior to his death in the City of Pryor, or Pryor Creek, in Mayes County, Oklahoma, on March 28, 1952, W. A. Graham, hereinafter referred to as "testator", made a gift in 1950, of $100,000 to said City to apply on the cost of its construction, or purchase, of a municipally owned electric distribution system. The gift was contingent upon the City's voting bonds to defray the rest of such cost. When such bonds were thereafter voted and issued in the amount of $180,000, the testator purchased them, and subsequently made them an additional gift to the City. In a gift tax return filed with the Commission by the estate, on behalf of the testator, the value of these gifts to the City was claimed to be exempt from gift tax. This contention was rejected by the Commission and it assessed additional gift taxes by an order

from which the estate has lodged one of the appeals herein considered.

In his will, the testator, after making specific bequests to certain nieces, nephews and others, bequeathed the residue of his estate, of the value of $2,949,943.08 for estate tax purposes, to the above-named City, to Mayes County, and to the State of Oklahoma, all of which will hereinafter be referred to collectively as "residuary beneficiaries." In its Oklahoma estate tax return, the estate treated the value of these residuary legacies as subject to estate tax, and, in the Commission's assessment of such tax totalling $219,931.35, their value was included. The estate protested said assessment, and after said protest was rejected, following a hearing before the Commission, the estate lodged the second of the appeals considered herein.

█ The estate contends that the Legislature did not intend that such taxes be levied upon the value of gifts, bequests or devises to the State or its political subdivisions. The argument for the asserted exemption is based upon various sections of both the Estate and Gift Tax Acts and the statute we will hereinafter refer to as the "Public Improvements Trust Law" (H.B. 883; Tit. 60 O.S.1955 Supp. §§ 381–397, both incl.). The pertinent portion of the levying section of the Estate Tax Act, Tit. 68 O.S.1951 § 989, supra, reads as follows:

"A tax, at the rates prescribed in Section 2 of this Act [Section 989a of this title], is hereby levied upon the transfer of the net estate of every decedent, whether in trust or otherwise, to persons, associations, corporations, or bodies politic, of property, real, personal, or mixed, whether tangible or intangible or any interest therein or income therefrom, by will or the intestate laws of this State, * *. Provided, however, that nothing in this Act shall be construed as subjecting to payment of such tax the escheat of property to the State for the benefit of its common schools. * * *"

In using the phrase "bodies politic" and in then exempting from the tax, only property which has escheated to the State for the benefit of its common schools, the Legislature clearly made known its intention that an estate tax be levied on all bequests and devises to the State and its political subdivisions. The Supreme Court of Nebraska, in the case of In re Rudge's Estate, 114 Neb. 335, 207 N.W. 520, 521, held that the use of the phrase "body politic or corporate", in Nebraska's statute levying a succession tax, indicated that the Legislature intended to impose a tax upon the value of property bequeathed or devised to the State of Nebraska. There the court said, 207 N.W. at page 522:

"(5) In considering the interpretation which should be placed upon our own statute, we are inclined to follow the rules adopted by the United States Supreme Court and the Supreme Courts of New York and Kentucky. The language of our statute, designating those whose legacies are subject to the tax, is broad and comprehensive and is sufficient to include the state and any of its governmental subdivisions or agencies. The language, 'to any person or persons or to any body politic or corporate,' would necessarily include the state and all of its governmental agencies created by it. Had the Legislature desired to relieve legacies to the state, or to its governmental agencies, from the inheritance tax, we think that it would have so stated in the exemption clause of the statute. It possessed, but failed to exercise, that power. We are of the opinion that under the statute the legacy to the trustees of Wyula Cemetery is subject to the inheritance tax."

█ Another section of the Estate Tax Act, cited by the estate for the asserted exemption is sec. 989f(I), thereof, which, prior to its amendment in 1955, read as follows:

"(I) All transfers, gifts or bequests made in good faith to, or in trust for,

the use, benefit or support of any charitable, educational or religious institution incorporated or operating under the laws of this State or to, or in trust for, the education, support and relief of the poor, indigent, blind or crippled of this State shall be exempt and shall be deducted from the gross estate."

To hold that the State or one of its cities and towns is a "charitable [or] educational * * * institution incorporated or operating under the laws of this State * * *" would not be in keeping with the rule, repeatedly announced and applied by this court, that statutory exemption provisions are strictly construed against the taxpayer (See In re Noble's Estate, 183 Okl. 148, 80 P.2d 243); and such holding would in fact do violence to the above-quoted paragraph. In using the language therein found, the Legislature obviously was referring to private, rather than political corporations, which latter are referred to in the levying section of the Estate Tax Act (Tit. 68, § 989, supra) as "bodies politic." As to the question of whether the residuary beneficiaries are charitable institutions within the purview of the Oklahoma Estate Tax Act, we think the opinion of the Vermont Supreme Court, in the case of In re Estate of Taft, 110 Vt. 266, 4 A.2d 634, 638, 120 A.L.R. 1382, is persuasive. There, in holding that a legacy to a municipality was not exempt from Vermont inheritance taxes on the theory that the legatee was a charitable institution, the court said:

"This statute, in effect, provides, in clear and unmistakable terms, that every distributee, other than those specifically named in the list of exemptions therein set out, shall be subject to such tax. Appellants do not dispute this but contend that the city of Burlington is so named as being exempt in this case. They argue that certain duties which our laws require the city to perform, such as taking care of its poor, are charitable in their nature and that while all duties required of the city are not of this class, a part of them being so, the city is, therefore, a charitable institution created by the laws of this State and having its principal office herein and so intended by the Legislature to be included in the list of exemptions set out in this statute. Appellants have cited several cases from other jurisdictions in support of this contention. However, in none of these cases is a statute like the one we are considering given an interpretation, and hence these cases are of very little, if any, aid in a determination of the question before us. But a careful reading of the statute in question refutes this claim of appellants. The first two words of this statute, viz., 'each person' as here used are broad enough to include cities and towns. That the Legislature so intended is made clear from what immediately follows, that is, the setting out a specific list of recipients who are not to be required to pay the tax. The words 'other than * * * a city or town within the state for cemetery purposes,' show conclusively that the Legislature, having used language including cities and towns as subject to this tax, intended to exempt such cities and towns from this requirement when the distributive share received is for cemetery purposes. A city or town receiving a distributive share of any estate for any other purpose is left subject to the tax. * * *"

■ The asserted exemption in the Public Improvements Trust Law, supra, which was enacted by the Twenty-Fourth (1953) Oklahoma Legislature after the testator's death and the commencement of proceedings in the county of his residence, to probate his will, is found in sec. 2 thereof (Tit. 60 O.S.Supp.1955 § 382). Said section provides, in material part, as follows:

"No gift testamentary or otherwise, of any property, real or personal or both, or any interest therein, to the State of Oklahoma, or to any county,

city, town * * * in the State, or to any combination thereof, if accepted upon behalf of the State, county, city, town, * * * by the officer, proper governing board or commission thereof, nor the transfer of title thereto in accordance with such gift, or the will or other instrument by which such gift is made, nor the privilege of making or receiving such a gift, * * * shall be subject to any form of tax."

Section 17 of the same Act (sec. 397, Tit. 60, supra), purports to make the above-quoted tax exemption applicable to all such gifts, "whether made before or after the effective date" of said Act. According to the Commission's argument, the above-described attempt to make said exemption from taxes effective retroactively is unconstitutional and consequently a nullity as sought to be applied to this estate of a testator dying before the effective date of the Act. The Commission correctly maintains that, in this jurisdiction, the residuary legacies like all of the rest of the estate property, both personal and real, vested in the legatees, under the testator's will, at the time of his death. See 84 O.S.1951 § 7; Smyth v. Smyth, 198 Okl. 478, 179 P.2d 920; Litz v. Exchange Bank of Alva, 15 Okl. 564, 83 P. 790; 57 Am.Jur., "Wills", sec. 1613, Note 6. (Though the last-cited statute makes no specific mention of residuary legacies, we perceive in this omission no reason to place such legacy's transfer on a different footing from that of other property whose title passes by the will. In this connection, see Huff, Oklahoma Probate Law and Practice, Vol. I, p. 116, and 57 Am.Jur., "Wills", sec. 613, Note 8. The fact that at the time of the death, the size or exact character of the residuary legacies may not be known is no valid basis for such a distinction. See In re Clark's Estate, 105 Mont. 401, 74 P.2d 401, 412, 114 A.L.R. 496, 510). And this is the same moment at which the estate tax in question accrues under the specific provisions of Tit. 68 O.S. 1951 § 989d.

The question these circumstances thus present is: Could the Legislature, by enacting section 17 (sec. 397, Tit. 60), supra, make retroactively operative to an estate of a testator who died before said enactment, the exemption from taxes prescribed in section 2 (sec. 382, Tit. 60) supra, of said Act, without violating either section 50 or 53 of Art. V of the Oklahoma Constitution, or both? We think this question must be answered in the negative. In re Clark's Estate, supra, shows that in a situation, such as is here presented, such a law constitutes an attempted extinguishment of an indebtedness, liability, or obligation due the State. That case demonstrates conclusively that, in a jurisdiction where the transfer of the property occurs at the death of the testator and the estate tax accrues at the same time, said tax is, from that time on, an obligation due the State, even though its exact amount then may not be ascertained or ascertainable. That is the reason for the inapplicability of cases referred to in Re Clark's Estate, such as Gelsthorpe v. Furnell, 20 Mont. 299, 51 P. 267, 39 L.R.A. 170, and other cases reaching a like result cited in the Annotations at 26 A.L.R. 1461, and in Gleason & Otis, Inheritance Taxation (3rd Ed.) pgs. 36–39, Blakemore & Bancroft, Inheritance Taxes, p. 71 et seq., and the Notes to 28 Am.Jur., "Inheritance, Estate and Gift Taxes", sec. 43, on the theory that since the Legislature has the power to declare that a tax shall accrue at any time while the property is in custodia legis, it may, by statute impose it upon (or exempt therefrom) estates still in the process of distribution, though the deceased died prior to the passage, or effective date, of the statute. Nor can it successfully be argued that since, in this jurisdiction, the residuary legacies vested immediately upon the death of the testator, Pryor, Mayes County, and Oklahoma, were the real obligors of the State tax here involved, and that since neither is an "individual", nor an ordinary "corporation" whose obligations are within the contemplation of the only two classes of obligations to the State specifically mentioned in Art. V, sec. 53, supra, the statute here involved is not in violation of

that section's withholding of legislative power. (In this connection, notice Lincoln Trust Co. v. Lancaster County, 114 Neb. 335, 207 N.W. 520). Nor to escape said constitutional prohibition against extinguishment of an obligation due the State, could the residuary legacies be considered as belonging to said City, County and State immediately upon the testator's death and therefore never taxable before the enactment of House Bill 883, supra, because of the general exemption from taxes of municipal, county and state property under Art. X, sec. 6, supra. In this connection see Snyder v. Bettman, 190 U.S. 249, 23 S.Ct. 803, 47 L.Ed. 1035; In re Hamilton, 148 N.Y. 310, 42 N.E. 717, and other cases cited and discussed in the Annotations at 120 A.L.R. 1388 et seq. An estate tax is an excise tax rather than a property tax, and, unlike an inheritance tax, it is a tax upon the privilege of transfer at death, rather than a tax upon a beneficiary's "right to receive." See In re Bass' Estate, 200 Okl. 14, 190 P.2d 800; United States v. Perkins, 163 U.S. 625, 16 S.Ct. 1073, 41 L.Ed. 287; 28 Am.Jur., supra, and the discussion in the Annotations, supra, at pages 1390-91, and In re Macky's Estate, 46 Colo. 79, 102 P. 1075, 23 L.R.A.,N.S., 1207. The latter case is the nearest approach we have found to any judicial approval of arguments like the estate's, but that case involved an inheritance tax rather than an estate tax. An estate tax is not levied upon each legacy or distributive share of an estate. Darby v. Oklahoma Tax Comm., 201 Okl. 159, 202 P.2d 978, 980. Under the provisions of Tit. 68 O.S.1951 § 989i, said tax, until paid, and in the absence of a release, is a lien upon the whole net estate, not just upon the distributive shares or residuary legacies thereof; and, under said section, it is the executor or administrator, rather than the beneficiaries of such devisees or legacies, that is primarily liable for payment of the tax. In this connection, see 28 Am.Jur., supra, sec. 287. Thus, here, the estate tax is the obligation to the State of the estate's executor, rather than such an obligation of the State and two of its subdivisions. As an estate tax is an excise tax, the state and municipality exemption prescribed in Art. X, sec. 6, is not applicable thereto. See Board of Commissioners of McClain County v. Oklahoma Tax Comm., 185 Okl. 625, 95 P.2d 605, and City of Claremore v. Oklahoma Tax Comm., 197 Okl. 223, 169 P.2d 299, and cases cited therein. Under the interpretation that has long been given the latter provision of our Constitution, there is a distinction between ad valorem taxes and excise taxes, and, since the tax in question is upon the transfer, rather than the beneficiaries' right to receive, we are not justified in implying an exemption from such tax upon the basis of "a general principle of law" as is said to have been done by some courts. See In re Macky's Estate, supra, and 28 Am.Jur., supra, sec. 79, note 15, and sec. 198, notes 3 and 4. As will be seen from the foregoing, sections 382 and 397, Tit. 60, supra, cannot be construed as not in violation of Art. V, sec. 53, and Art. V, sec. 50, supra, on the theory that the retroactive exemption thereby provided, as applied to the residuary legacies involved here would not be a relinquishment of a debt due the State because said legacies in the hands of the legatees is property theretofore and already exempted from taxation by Art. X, sec. 6 of our Constitution. We therefore hold that sections 2 and 17 of House Bill No. 883 (Tit. 60 O.S.Supp.1955 §§ 382 and 397) violate said Art. V, sec. 53, supra, and are unconstitutional in so far as their application to the residuary legacies involved herein was urged by the estate. The Commission's order assessing the estate tax in this case, despite those statutory provisions, was therefore not error.

■ The same reasons for the above determination, also apply to the estate's argument that the assessment in the "gift tax order" it has also appealed from, is in violation of Art. X, sec. 6 of the Oklahoma Constitution. The gift tax is an excise tax, just as is the estate tax (Daube v. Oklahoma Tax Comm., 194 Okl. 487, 152 P.2d 687; Myers v. Oklahoma Tax Comm., Okl., 303 P.2d 443); and in this case the gift

tax was a debt, obligation and liability of the estate to the State before the enactment of the Public Improvements Trust Law. And, in conformity with what we have hereinbefore said, we do not think the residuary legatees are within the contemplation of the exemption section of the Gift Tax Act, Tit. 68 O.S.1951 § 1043, any more than they are within the contemplation of the exemption section of the Estate Tax Act, supra. These Acts complement each other, are in pari materia, and are to considered in conjunction with each other. 28 Am.Jur., "Inheritance, Estate and Gift Taxes", sec. 318, and 50 Am.Jur., "Statutes", sec. 349. The part of section 1043 that the estate stresses is as follows:

"(1) Institutions, fraternal societies, associations, funds, trusts, or corporations, which are domiciled in Oklahoma and actually engaged in carrying out benevolent, charitable, educational, or religious purposes within this State."

Cities and towns are not generally considered "Institutions" or "corporations." Nor are they generally considered to be "actually engaged in carrying out benevolent, charitable, educational, or religious purposes." They carry out governmental functions; and when not referred to as cities or towns, are usually called municipalities or political corporations or bodies politic. As hereinbefore noted, the latter term is the one the Legislature used in referring to them in the levying sections of the Estate Tax Act. In conducting a utility business, a city or town is engaged in a proprietary, as distinguished from a governmental, function. City of Shawnee v. Roush, 101 Okl.

60, 223 P. 354; Payton v. City of Anadarko, 179 Okl. 68, 64 P.2d 878. And we decline to hold that a gift for the purpose of enabling a city or town to establish and conduct a utility, such as is usually conducted by private enterprise, represents a gift for charitable purposes. Our decision in Oklahoma County v. Queen City Lodge, 195 Okl. 131, 156 P.2d 340, cannot be reconciled with the estate's suggestion that the proceeds accruing from Pryor's electric distribution system should be traced, and if the proceeds are used for charitable or benevolent purposes, the gift to establish and maintain this electric light business should be considered one for charitable or educational purposes. Our conclusion that cities and towns were not theretofore exempt from either gift or estate taxes is further strengthened by the fact that the Legislature, in enacting the Public Improvement Trust Law in 1953, found it necessary to include therein the hereinbefore discussed "blanket" provision exempting from taxes, all gifts to them.

In accord with the foregoing, the orders of the Commission herein appealed from, are hereby affirmed, subject to the right of the Commission, upon our mandate herein reaching it, to make any adjustment that may be proper in the estate tax because of claims asserted against the estate for personal services rendered decedent in his lifetime.

CORN, V. C. J., and HALLEY, WILLIAMS and JACKSON, JJ., concur.

WELCH, C. J., and DAVISON and JOHNSON, JJ., dissent.