No. 35,771

THE CITY OF CHANUTE, *Appellant,* v. THE STATE COMMISSION OF REVENUE AND TAXATION: JOHN McCUISH, Chairman; WILLIAM LJUNGDAHL, Commissioner; FRED HORN, Commissioner; and BERT E. MITCHNER, Director of Revenue, etc., *Appellees.*

(134 P. 2d 672)

Opinion filed March 6, 1943.

*William Drennan,* of Kansas City, and *Joe F. Balch,* of Chanute, argued the cause, and *S. C. Bloss,* of Winfield, *J. R. Rhoades,* of McPherson, and *D. G. Smith,* of Girard, were on the briefs for the appellant.

*Mason Mahin,* of Smith Center, argued the cause, and *James D. Dye,* of Ottawa, *Mark L. Bennett,* of Topeka, and *Clayton D. Christey,* of Caldwell, were on the briefs for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment sustaining an assessment order of the State Commission of Revenue and Taxation against the City of Chanute under the compensating use tax (G. S. 1941 Supp. 79-3701 to 79-3711).

The material facts were presented to the trial court in a stipulation of counsel. It appears that the city of Chanute owns and oper-

ates its light and water plants and a gas distributor system substantially as privately owned public utility services are operated. To maintain these municipal utilities, it has been necessary for the city from time to time to purchase certain machinery and other equipment. Many such purchases have been made outside the state. Between May 30, 1937, and August 31, 1941, the city purchased outside the state materials and equipment for the use of its utility plants to the amount of $123,127.73, but did not pay the compensating use tax thereon.

On January 5, 1942, the director of revenue notified the city that an assessment of $2,869.60 had been made against the city for nonpayment of the compensating use tax. On a hearing before the compensating tax division of the state commission, the assessment was fixed at $2,937.86. This was followed by an appeal to the commission of revenue and taxation which after the presentation of evidence, statements and arguments of counsel sustained the assessment as made by its compensating tax division, and adjudged that the sum of $2,937.86 with interest was due and owing by the city "on purchases of tangible personal property purchased from sources outside the state of Kansas and used in the state of Kansas in the business of the city of Chanute for the furnishing of electrical energy, water and gas for domestic and commercial consumption."

The city appealed to the district court, raising constitutional and statutory objections to the assessment and praying judgment for its revocation and rescission. The commission joined issues of law on the matters pleaded in the city's appeal, but conceded that for the purpose of obtaining a judicial determination of the principal matter involved, it would waive the compensating tax on a certain "B. & W. Boiler," in the sum of $913.72, and prayed that the balance of its compensating tax amounting to $2,024.14 with interest be sustained and judgment rendered accordingly.

The appeal was heard before the presiding judge of the Neosho county district court, no question touching its jurisdiction being raised, but see *Freund v. Commission of Revenue and Taxation*, ante, p. 109 (decided December 12, 1942).

Judgment was rendered for defendant, and the matter is now brought to this court for further review.

The compensating use tax has already received careful attention by this court. (G. S. 1941 Supp. 79-3701 *et seq.*) In its broad aspects there is no doubt of its validity. (*Boeing Airplane Co. v.*

*Commission of Revenue and Taxation,* 153 Kan. 712, 113 P. 2d 110.) Whether the two percent compensating use tax is applicable to out-of-state purchases of machinery and other equipment to be used in the public utility plants owned and operated by a city is our present problem.

Section 4 of the statute (G. S. 1941 Supp. 79-3704) specifically exempts from this tax any personal property purchased outside the state which would be exempt if purchased within the state. But before examining the sales tax (G. S. 1941 Supp. 79-3601) to see what purchases of personal property are exempt from its provision, we must first take note of another paragraph of the compensating use tax which is quite pertinent. G. S. 1941 Supp. 79-3703 reads:

"There is hereby levied and there shall be collected from every person in this state a tax or excise for the privilege of using within this state any article of tangible personal property purchased subsequent to May 30, 1937. Such tax shall be levied and collected in an amount equal to the purchase price paid by the taxpayer multiplied by the rate of two percent."

Under the sales tax, G. S. 1941 Supp. 79-3606, the statute declares that an exemption from the tax shall extend to all sales to the political subdivisions of the state "except when engaged in business specifically taxable herein," and all sales of property used exclusively for municipal purposes "except when engaged in business specifically taxable herein."

Some light may be shed on the significance of the exceptions just quoted by an examination of the related sections of the same statute, G. S. 1941 Supp. 79-3602, which in part read:

"(a) 'Person' includes any individual, firm, copartnership, joint adventure, association, corporation, estate or trust, receiver or trustee, or any group or combination acting as a unit, and the plural as well as the singular number; and shall specifically include any city or other municipality operating a utility which sells to consumers.

"(c) 'Sale' or 'sales' includes . . . the sale or furnishing of electrical energy, gas, water, services or entertainment taxable under the terms of this act. 'Service' as used in this act means those services specifically described in and taxed under section 79-3603, paragraphs (b) to (e), inclusive, of the General Statutes Supplement of 1939 or any amendments thereto."

G. S. 1941 Supp. 79-3603, in part, provides:

"The privilege of engaging in the business of selling tangible personal property at retail in this state or rendering or furnishing any of the things or services taxable under this act, there is hereby levied and there shall be collected and paid a tax as follows: (a) A tax at the rate of two percent upon the gross receipts received from the sale of tangible personal property at retail within

this state; . . . (c) a tax at the rate of two percent upon the gross receipts from the sale or furnishing of gas, water, electricity, and heat, whether furnished by municipally or privately owned utilities for domestic or commercial consumption; . . ."

The state constitution deals with the matter of taxation, in part, thus:

"The legislature shall provide for a uniform and equal rate of assessment and taxation, except . . . All property used exclusively for . . . municipal . . . purposes . . . shall be exempted from taxation." (Art. 11, sec. 1.)

The pertinent provision of the general taxation statute (G. S. 1935, 79-201 *et seq.*) which elaborates the constitutional provision just quoted reads:

"That the property described in this section, to the extent herein limited, shall be exempt from taxation: . . . *Sixth.* All property belonging exclusively to any county, city, town or school district, except lands bid off for counties or cities at tax sales. *Seventh.* All works, machinery and fixtures belonging to and owned by any town, city or village, and used exclusively for conveying water to such town, city or village. *Eighth.* All fire engines and other implements used for the extinguishment of fires, with the buildings used exclusively for the safekeeping thereof, and for the meeting of fire companies, whether belonging to any town, city or village, or to any fire company organized therein." (G. S. 1935, 79-201.)

Yet another provision of statute relating to cities of the second class (like Chanute) may be noted. G. S. 1935, 14-1001, reads:

"All lands, houses, moneys, debts due the city, and property and assets of every description belonging to any city or municipal corporation under this act, shall be exempt from taxation."

It is the city's contention that the constitutional provision which exempts from taxation all property used exclusively for municipal purposes, and the related statute (G. S. 1935, 79-201) to the same effect, completely determine the question at bar.

However, at an early day this court held that the constitutional provision now invoked by appellant (art. 11, sec. 1) had to do with the assessment and taxation of property and has no application to other forms of taxation. In *Comm'rs of Ottawa Co. v. Nelson,* 19 Kan. 234, where the constitutional provision was under consideration, it was said:

"Neither do we suppose that capitation taxes, or poll taxes, or requirements to work on the roads, or to train in the militia, come within said constitutional provision, although evidently they are all taxes in one sense." (p. 241.)

In *City of Newton v. Atchison,* 31 Kan. 151, 1 Pac. 288, it was held that article 11, section 1, did not apply to license taxes nor did it impliedly prohibit their collection.

To the same effect have been our decisions on a wide variety of taxation questions, a partial list of which include *City of Leavenworth v. Booth,* 15 Kan. 627; *State, ex rel., v. City of Topeka,* 36 Kan. 76, 12 Pac. 310; *Beebe v. Wells,* 37 Kan. 472, 475, 476, 15 Pac. 565; *In re Martin,* 62 Kan. 638, 64 Pac. 43; *Shane v. City of Hutchinson,* 88 Kan. 188, 127 Pac. 606; *State, ex rel., v. Cline,* 91 Kan. 416, 420, 137 Pac. 932; *State, ex rel., v. Snell,* 127 Kan. 859, 275 Pac. 209; *State, ex rel., v. Barton County Comm'rs,* 142 Kan. 624, 51 P. 2d 33.

Prior to the enactment of the sales tax and compensating use tax in 1937 (Laws 1937, ch. 374 and 375), there can be no doubt that municipal property of every sort, whether used for governmental purposes or for business purposes, was exempt from taxation under the broad terms of pertinent statutes. In *State, ex rel., v. Smith,* 144 Kan. 570, 61 P. 2d 897, where the question was whether the electric transmission lines of the Neodesha (Wilson county) municipal light and power plant which extended into Montgomery county were subject to taxation, the dual capacity of a Kansas city was urged on our attention. We said:

"It is true, of course, that a Kansas municipality has a dual corporate capacity—one as a governmental agency, and another as a proprietary institution with which the state at large has no immediate concern (citations). Matters of police, health and sanitation, and the like, are instances of the former; the operation of municipally-owned electric power plants and similar public utilities are good examples of the latter. (citations)." (p. 571.)

In holding that the Neodesha transmission lines were not subject to taxation we said:

"The constitutional and statutory exemptions from taxation of all municipally-owned property are clear and unequivocal. To write into these exemptions an exception as to all municipal property owned and used by a city in its proprietary capacity so as to subject that property to taxation would be a complete departure from the judicial function of interpreting and applying existing law to pending litigation, and a usurpation of the functions of the legislature which has exclusive power over the subject of taxation. If the vast growth of municipal ownership of public utilities which has transpired in the last 33 years since this court held that the waterworks plant of the city of Wellington was exempt from taxation (citation) calls for a different rule today, as indeed it may, the legislature will have to prescribe it." (p. 572.)

Under the provisions of the recently enacted sales tax and compensating use tax, as quoted above, we think it clear that the legislature did depart from its former policy of exempting cities and other governmental agencies from every form of taxation. These statutes declare that *every person making a purchase* shall pay a sales tax (or compensating use tax) of two percent on the sales price, and the sales tax statute declares that for the purposes of that act a " 'person' . . . shall specifically include any city or other municipality operating a utility which sells to consumers." (G. S. 1941 Supp. 79-3602.)

Surely this sweeping language covers the city of Chanute. It operates a municipal utility and sells to consumers. Again, it will be noted that the statutory provision exempting certain sales from the payment of the sales tax declares that all sales to a political subdivision of the state (like Chanute for example) are exempt from taxation—*except when such political subdivision is engaged in business specifically taxable herein.* That exception from liability of a political subdivision is twice expressly limited by repetition in the statute, emphasizing that the *exemption does not extend to sales to a city insofar as pertains to its business of operating a utility which sells to consumers.* Multiplicity of words could not make this plainer than the explicit language of the statute itself.

The sales tax and the compensating use tax are not taxes imposed by assessment and taxation of property within the purview of article 11, section 1, of the constitution nor under the general property taxation statutes. They are declared by the pertinent statute to be an excise tax (G. S. 1941 Supp. 79-3703), to which the constitutional and statutory exemptions from taxation in favor of cities do not apply.

There is no error in the record and the judgment is affirmed.

WEDELL, J., not sitting.