In re APPLICATION OF BAPTIST GENERAL CONVENTION OF OKLAHOMA et al.

No. 30690. March 20, 1945.

*156 P. 2d 1018.*

Billups & Billups, of Oklahoma City, for protestants.

F. M. Dudley, A. L. Herr, C. D. Stinchecum, and A. D. Howell, for Oklahoma Tax Commission.

DAVISON, J. This is an appeal from an order of the Oklahoma Tax Commission overruling a protest filed by the Baptist General Convention of the state against the assessment of a vehicle excise tax and registration fee upon an automobile purchased by the convention to be used solely in the carrying on of its religious activities.

The Salvation Army has joined in the protest.

On October 8, 1941, protestant purchased a new Buick automobile and applied to the Tax Commission for a registration certificate and license tag, tendering the sum of $1 for the actual cost thereof.

The Tax Commission refused the tender and required protestant to pay the sum of $6.88 as registration fee for the last quarter of 1941 as provided in 47 O. S. 1941 §§ 22.1 to 22.25, and the sum of $23.76 in payment of the vehicle excise tax provided for in 47 O.S. 1941 §§ 52-52i.

The only question presented to us on this appeal is whether the collection of the above mentioned taxes from the protestant violates the exemption from taxation of "all property used exclusively for religious and charitable purposes," contained in section 6 of article 10 of our State Constitution.

In the case of City of Ardmore v. Oklahoma Tax Commission, 168 Okla. 316, 32 P. 2d 728, this court was confronted with a controversy respecting the gasoline tax of this state. The tax involved was four cents per gallon (sec. 12527, O.S. 1931; sec. 1, ch. 278, S.L. 1929). We held the tax involved to be an excise tax as distinguished from a tax on property, and held further that the provisions of section 6, art. 10, of the State Constitution did not prevent the collection of such tax from a municipality of this state.

In the case of Commissioners of McClain County v. Oklahoma Tax Commission, 185 Okla. 625, 95 P. 2d 605, we were presented a case in which McClain county, as lessee of a tractor, owned by the Oklahoma Tractor & Equipment Company, was seeking to avoid payment of the registration fee and of the vehicle excise tax. We decided that the ownership of the property as distinguished from the use thereof by the county determined the status of the property for tax purposes, and that both the registration fee and the vehicle excise tax should be paid in full.

In deciding the case we followed City of Ardmore v. Oklahoma Tax

Commission, supra, and held that the protestants were not entitled to exemption from the registration fee or the vehicle excise tax by reason of section 6 of article 10 of our State Constitution.

In Oklahoma Tax Commission v. Sisters of The Sorrowful Mother, 186 Okla. 339, 97 P. 2d 888, we were confronted with the use tax, a tax upon articles bought outside the state for use inside the state. We held the tax to be an excise charge as distinguished from a tax upon property, following City of Ardmore v. Oklahoma Tax Commission, supra.

It is thus apparent that this court has declared the following taxes to be excise taxes as distinguished from taxes on property: The gasoline tax (City of Ardmore v. Oklahoma Tax Commission, supra); automobile registration tax and vehicle excise tax (Commissioners of McClain County v. Oklahoma Tax Commission, supra).; and the use tax (Oklahoma Tax Commission v. Sisters of The Sorrowful Mother, supra). See lengthy annotation in 103 A.L.R. 18 and 114 A.L.R. 847. Also, see Ex parte Shaw, 53 Okla. 654, 157 P. 900.

The constitutional provision (art. 10, sec. 6) exempting property "used exclusively for religious and charitable purposes" from taxation applies only to a property tax and not to an excise tax. City of Ardmore v. Oklahoma Tax Commission, supra. See, also, the recent case of City of Chanute v. State Commission of Revenue and Taxation, 156 Kan. 538, 134 P. 2d 672.

Since both of the taxes involved in this action are excise taxes, and since neither of such taxes constitutes a burden upon the ownership of property, it necessarily follows that a property owner is not excused from the payment of such taxes by virtue of section 6 of article 10 of the Oklahoma Constitution.

The argument is advanced that since the motor vehicle registration act provides in section 11 thereof that the charge made under the act shall be in lieu of all ad valorem taxes, local and general, the act is in reality one which imposes a tax on property. This argument is not sound. The State of Minnesota had a similar provision in its motor vehicle registration tax, and the Supreme Court of that state declared the tax to be both a license fee and a tax on property. State v. Storaasli, 180 Minn. 241, 230 N.W. 572. The case was presented for reconsideration to the Supreme Court of the United States, where it was held that the tax was an excise tax for the privilege of using the highways. Storaasli v. State of Minnesota, 283 U.S. 57, 75 L. Ed. 839.

The order of the Oklahoma Tax Commission is affirmed and approved.

HURST, V.C.J., and OSBORN, BAYLESS, and ARNOLD, JJ., concur.

RILEY, J., concurs by reason of stare decisis. GIBSON, C.J., and WELCH and CORN, JJ., dissent.