No. 36,856

The Farmers Union Central Coöperative Exchange, *Appellant*, v. Director of Revenue of the State of Kansas Bert E. Mitchner, and Revenue and Taxation Commissioners of the State of Kansas Mark Bennett, Dale Fisher and William Ljungdahl, *Appellees*.

(181 P. 2d 541)

Paul H. Heinz, judge. Opinion filed June 7, 1947.

*D. L. Sparks,* of St. Marys, and *Harry K. Allen,* of Topeka, argued the cause, and *L. M. Ascough,* of Topeka, was with them on the briefs for the appellant.

*Mason Mahin,* of Smith Center, argued the cause, and *Clayton D. Christey,* of Caldwell, and *Charles C. Rankin,* of Lawrence, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, C. J.: This was an action to enjoin defendants from collecting a tax of one cent per gallon on motor vehicle fuels under chapter 271 of the Laws of 1945 (G. S. 1945 Supp. 68-1801 to 68-1823). The trial court sustained defendants' demurrer to plaintiff's petition and it has appealed.

Before the appeal reached this court the attorney general, apparently having the view this action was not broad enough in its scope for the consideration of all questions which might be presented therein, brought an original quo warranto proceeding in this court (*State, ex rel., v. State Commission of Revenue and Taxation et al.* ante, p. 240), which questioned the validity not only of chapter 271, but also its companion act, chapter 272 of the Laws of 1945 (G. S. 1945 Supp. 68-1701 to 68-1704), and made as defendants not only the defendants in this case but the state highway commission and its officers, the state treasurer and the state auditor, all of whom have duties to perform under the statutes. At the request of counsel in both actions the court set the cases for hearing on their merits on February 18, 1947. They were argued and briefs filed on the same

date, although they were not consolidated. The court promptly went into consultation upon the cases and found that most of the questions raised in each of the cases had previously been decided adversely to the contentions of the plaintiffs and that the questions which had not been previously decided lacked substantial merit. On February 20 the court announced its decision that the statutes were valid legislative enactments, the formal opinions to be filed when they could be prepared.

In the amended petition, to which a demurrer was sustained, it is alleged that plaintiff is a corporation organized under the laws of this state with its principal place of business at St. Marys; that in its business it is a dealer and distributor of motor-vehicle fuels, as defined by our statute, and is engaged in the business of processing hybrid corn; that it sells as a retailer large quantities of motor vehicle fuels for nonhighway purposes to its members and customers, and that it uses in the operation of its business large quantities of motor-vehicle fuel for nonhighway purposes and is required by defendants to pay the tax on gasoline motor-vehicle fuel sold and used for nonhighway purposes, as set out in G. S. 1945 Supp. 68-1814, or be subjected to the penalty provided by statute for not doing so; that it has a valid license to use and sell the motor-vehicle fuels and is required to comply with the conditions, rules and regulations promulgated by defendants, as set out in statutes which are referred to, and which include paying the tax above mentioned and collecting and remitting taxes to defendants. It is alleged that chapter 271 is void as violating sections 1 and 9 of article 11 of our constitution, also in that the act authorizes the issuance of revenue anticipation warrants; that it provides a tax on gasoline sold or used for nonhighway purposes; that it violates the equal protection clause of the 14th amendment of the United States constitution, and that it subjects plaintiff to involuntary servitude in violation of section 6 of our bill of rights. All these questions are considered and decided adversely to the contentions of the plaintiff in the opinion this day filed in the quo warranto proceeding (*State, ex rel., v. State Commission of Revenue and Taxation et al.,* supra). These need not be restated. It is also alleged that the act violates section 17 of article 2 of our constitution which, so far as here pertinent, reads:

"All laws of a general nature shall have a uniform operation throughout the state."

Since under the statute in question all gasoline sold or used in this state is taxed, we are unable to see a lack of uniformity in the application of the law. We think the constitutional provision not applicable here for the reason that this is an excise tax. The legislature may select the subjects to which it applies.

Counsel for appellant in their brief argue some questions not alleged in the petition. A discussion of them might be omitted for that reason, for the trial court had no opportunity to pass upon them; but in deference to plaintiff and to counsel we shall mention them. It is argued the one-cent tax on the motor fuel provided by chapter 271 violates section 10 of article 11 of the constitution. The point is not well taken. In fact that section recognizes the power of the legislature to levy a tax on "motor fuels." It is argued that having established a "state highway system" (G. S. 1935, 68-406) the legislature had no authority to establish a secondary road system as it did by chapter 272 of the Laws of 1945. The point is not well taken. The legislature has full power to classify the highways of the state for the purposes of construction and make as many classifications as it desires. It might put all of them into a system of state highways, as authorized by section 9 of article 11 of the constitution.

Counsel for appellant argue that the tax provided for in chapter 271 violates section 4 of article 11 (now sec. 5; see Laws 1931, ch. 300, sec. 2) of our constitution, which reads:

"No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied."

We first note that this section of our constitution applies only to taxes levied upon property. (*City of Leavenworth v. Booth,* 15 Kan. 627, 634; *In re Martin,* 62 Kan. 638, 640, 64 Pac. 43; *City of Chanute v. Commission of Revenue and Taxation,* 156 Kan. 538, 541, 542, 134 P. 2d 672). Aside from that, there is no allegation that the tax provided in chapter 271 is being used or attempted to be used for any purpose for which it was not levied; therefore, the contention of counsel cannot prevail.

We see no error in the record. The judgment of the court below is affirmed.