REVENUE and TAXATION Trusts created pursuant to 60 O.S. 176 [60-176] et seq. (1976) are exempt from the payment of sales and excise taxes by virtue of 60 O.S. 382 [60-382] (1971). The Attorney General has considered your request for an opinion wherein you ask the following question: "Are trusts created pursuant to 60 O.S. 176 [60-176] et seq. (1971) exempt from the collection and payment of sales tax by virtue of 68 O.S. 1305 [68-1305](i) (1971) and the payment of the motor vehicle excise tax by virtue of 68 O.S. 2105 [68-2105](c) (1971)?" Title 68 O.S. 1305 [68-1305](i) (1971) provides for a tax exemption on: "Sales to the United States government, State of Oklahoma, or any of its political subdivisions." Title 68 O.S. 2105 [68-2105](c) (1971) provides for a tax exemption on: "Any vehicle registered by the State of Oklahoma, or by any of its political subdivisions thereof." Neither of these sections have been interpreted by the courts regarding their application to public trusts. However, certain other constitutional and statutory provisions have been so interpreted. Article X, Section 6 of the Oklahoma Constitution provides in part: ". . . all property . . . o this State and of counties and o municipalities o this State . . . shall be exempt from taxation." This provision has been interpreted to apply to ad valorem taxes on all property owned by the State, a county, or township, regardless of how the property has been used. State ex rel. City of Tulsa v. Mayes,174 Okl. 286, 51 P.2d 266 (1935); Sublett v. City of Tulsa,405 P.2d 185 (Okl. 1965). Attorney General's Opinion No. 68-374, citing the Mayes case, held that: "Property held . . . under a trust for the use and benefit of the City of Vinita is non-taxable for ad valorem taxes, regardless of the use to which such property is put." At the same time, this section has been found inapplicable to excise taxes. Ward v. Oklahoma Tax Commission, 322 P.2d 172 (Okl. 1957); Application of Baptist General Convention of State of Oklahoma, 195 Okl. 258, 156 P.2d 1018 (1945). However, the courts have dealt with the question of the tax status o public trusts. Board of County Commissioners v. Warrarn,285 P.2d 1034 (Okl. 1955), dealt with "the validity of a trust instrument and the powers, duties, and liabilities thereunder." The question of the tax status o public trusts was presented and the Court held in its syllabus, that: "Trusts with one or more governmental entities as beneficiary are exempt from all forms of taxation in Oklahoma." The Court apparently used Article X, Section 6 o the Oklahoma Constitution and 60 O.S. 382 [60-382] (1971) in support of the blanket tax exempt status for all public trusts created pursuant to 60 O.S. 176 [60-176] et seq. (1976). Article X, Section 6 of the Oklahoma Constitution supports the tax exempt status of such trusts in regard to ad valorem taxes. The Warren court, in effect, held that when a governmental entity acts "as the beneficiary of a charitable trust, . . . and after the governing body . . . accepted the beneficial interest," the trust, likewise, is exempt from the payment of ad valorem taxes just as the beneficiary of the public trust is exempt. In establishing the tax exempt status of public trusts regarding all other taxes, the court in Warren referred to 60 O.S. 382 [60-382] (1971) which reads: "No gift, testamentary or otherwise, of any property, real or personal or both, or any interest therein, to the State of Oklahoma, or to any county, city, town, or school district in the State, or to any combination thereof, if accepted upon behalf of the State, county, city, town, or school district, by the officer, proper governing board or commission thereof, nor the transfer of title thereto in accordance with such gift, or the will or other instrument by which such gift is made, nor the privilege of making or receiving such a gift, nor any income or profits derived by such State, county, city, town or school district from any such property or its use or disposition thereof, shall be subject to any form of tax." Accordingly, then, all property accepted on behalf of the governmental entity is exempt from all taxes. A trust created for the benefit of the county (or other governmental entity) pursuant to 60 O.S. 176 [60-176] et seq. (1976) and accepted by the governing body of the county, makes the county the beneficiary of the trust. It is apparent that the court in Warren reasoned that in accepting the beneficial interest the beneficiary, in effect, was accepting a gift pursuant to 60 O.S. 382 [60-382], the gift being any property owned or acquired by the trust for the benefit of the beneficiary. Therefore, any property owned by a public trust on behalf of a governmental entity maintains, pursuant to 60 O.S. 382 [60-382], the tax exempt status that the beneficiary itself maintains under 60 O.S. 382 [60-382]. It may be worthy of note that for purposes of federal taxation, the internal revenue service has looked upon trusts created for the benefit of a municipality as being in the nature of a "political subdivision." Commissioner of Internal Revenue v. Shamberg's Estate, 144 F.2d 998 (2nd Cir. 1944). It is, therefore, the opinion of the Attorney General that your question be answered as follows: Trusts created pursuant to 60 O.S. 176 [60-176] et seq. (1976) are exempt from the payment of sales and excise taxes by virtue of 60 O.S. 382 [60-382] (1971). (MIKE D. MARTIN)