Martin W. Mishler Sabetha City Attorney 805 Main, P.O. Box 187 Sabetha, Kansas 66534
Dear Mr. Mishler:
As City Attorney for the City of Sabetha, you inquire how the City may use the proceeds from a city retailers' sales tax that was levied in 1991. The original purpose for which the tax was levied has now been met and the governing body would like to use the proceeds for other projects.
K.S.A. 1999 Supp. 12-187, as amended by L. 2000, Ch. 140, § 1, requires that a city desirous of imposing a retailers' sales tax first submit the question of imposing such tax to the electorate. Acting pursuant to [then] K.S.A. 12-187, the governing body enacted Resolution No. 1991-6 entitled: "A Resolution Calling For an Election To Submit the Question of a One-Half Percent City Retailers' Sales Tax to the Electors . . . pursuant to K.S.A. 12-187 et seq." The resolution provided that the election would take place on April 2, 1991 and that the ballot would state as follows:
"Shall the following be adopted?
 "Shall a retailers' sale tax in the amount of one-half of one percent be levied in the City of Sabetha . . . to take effect on the 1st day of July, 1991?"
The only reference to how the proceeds would be spent was contained in the same resolution:
 "Whereas, the Governing Body has identified the need for additional revenues for use by the City in its operation and improvement of its utilities, but does not desire to add additional debt service obligation to the utility systems; and
 "Whereas, the Governing Body has determined that the most fair, reasonable, and feasible means of producing the needed increased revenue would be the adoption of a one-half cent City retailers' sales tax. . . ."
On April 2, 1991, the electorate voted in favor of the retailers' sales tax. Six days later, the governing body enacted Resolution No. 1991-7, which directed the city clerk to publish notice in the newspaper of the governing body's intent to issue sales tax revenue bonds to pay for "the costs of public facilities or improvements . . . pursuant to K.S.A. 12-187
and 12-195." (In 1991, K.S.A. 12-195 authorized cities to issue revenue bonds to pay for " the cost of public facilities and improvements" subject to publication notice, the opportunity to file a protest petition, and an election, if necessary.)
Article 11, § 5 of the Kansas Constitution provides that "no tax shall be levied except in pursuance of a law, which shall distinctly state the object . . . to which object only such tax shall be applied." The theory behind this provision is that if tax revenue is raised for a specific purpose, it cannot be diverted for other use.[1]
It is arguable that the City of Sabetha is required to use the proceeds only for the purpose stated in Resolution No. 1991-6 which suggests that the revenue can be used for the "operation and improvement of its utilities." However, Article 11, § 5 applies only to ad valorem property taxes and not to excise taxes.[2] Ad valorem property taxes are taxes on the ownership of property and are levied on the value of the property.[3] An excise tax is a tax imposed on the performance of an act or enjoyment of a privilege.[4] Because a sales tax is a governmental charge for the privilege of acquiring property,[5] a retailers' sales tax is more in line with an excise tax and, therefore, it is our opinion that Article 11, § 5 does not apply.
We also reviewed K.S.A. 12-187, as amended by L. 2000, Ch. 140, § 1. Subsection (h) requires a city governing body desirous of imposing a retailers' sales tax to "specify the purpose or purposes for which the [sales tax] revenue would be used, and a statement generally describing such purpose . . . shall be included as part of the ballot proposition." However, this amendment was added in 1992,[6] and therefore, has no impact on the City's 1991 sales tax levy.
Finally, there is K.S.A. 12-197, enacted in 1982, which provides as follows:
 "The governing body of any city or the board of commissioners of any county which has adopted an ordinance or resolution submitting to the electors of such city or county a proposition on the imposition of a retailers' sales tax within such city or county in accordance with . . . K.S.A. 12-187 . . . may adopt an ordinance or resolution pledging the general purposes proposed for the future use of all or a portion of the revenue to be received from such tax if the same is approved by the voters. Such ordinance or resolution shall be adopted in accordance with the provisions and procedural requirements of K.S.A. 12-137 or K.S.A. 19-117 and shall continue in effect for the time specified therein unless the same is repealed or amended in accordance with the provisions and procedural requirements of the appropriate statute." (Emphasis added).
The legislative history of this statute indicates that the law was meant to "facilitate the approval of sales taxes by city and county electors by affording a means to insure that the tax moneys generated would be used for specified purposes."[7] Basically, in addition to the ordinance submitting the sales tax proposition to the electorate, a city can also enact an ordinance indicating how the revenue will be spent if the electorate votes in favor of the tax. This latter ordinance is subject to the procedural requirements of K.S.A. 12-137 which require a 2/3 vote of the governing body, publication notice, the opportunity to file a protest petition, and an election if the petition is sufficient. Any amendment to such ordinance requires the same formalities.
It appears that the City did not utilize K.S.A 12-197. While Resolution No. 1991-6 calls for an election to submit the question of imposing the tax and suggests that the revenues are needed for improvement of the City's utilities, K.S.A. 12-197 requires that anordinance be enacted (counties would use a resolution) and that the formalities of K.S.A. 12-137 be followed which, you indicate, were not observed.
We are then left with a statement in Resolution No. 1991-6 that suggests that the sales tax revenues will be used "by the City in its operation and improvement of its utilities." A resolution is as legally binding as an ordinance.[8] Like an ordinance, a resolution may be amended or repealed.[9] Therefore, it is our opinion that until such time as the governing body of the City of Sabetha amends or repeals Resolution 1991-6, the governing body is bound by its provisions regarding the use of the sales tax revenue.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] State ex rel. Schneider v. City of Topeka, 227 Kan. 115 (1980);School District v. Clark County Comm'rs, 155 Kan. 636 (1942).
[2] State v. Berberich, 248 Kan. 854 (1991); Farmers Union CentralCooperative Exchange v. Dept. of Revenue, 163 Kan. 266 (1947).
[3] Board of Leavenworth County Comm'r v. McGraw Fertilizer Serv.,Inc., 261 Kan. 901, 920 (1997).
[4] In Re Tax Exemption Application of Kaul, 261 Kan. 755 (1997).
[5] 261 Kan. at 920.
[6] L. 1992, Ch. 279, § 1.
[7] Supplemental Note on Senate Bill 601, as amended by SenateCommittee on Local Government.
[8] International Ass'n of Firefighters v. City of Lawrence, 14 K.A.2d 788, 795 (1990).
[9] Id. at 796.