In re CITY OF ENID.

No. 30353.   April 24, 1945.

*158 P. 2d 348.*

Geo. Howard Wilson, City Attorney, of Enid, for appellant.

A. Francis Porta, of El Reno, and A. L. Herr and A. D. Howell, both of Oklahoma City, for appellee.

OSBORN, J.   This is an appeal by the city of Enid from an order of the Oklahoma Tax Commission assessing said city for sales tax on the gross proceeds or gross receipts derived from the sale of admissions to a swimming pool owned and operated by the city during certain months of the period from June 1, 1935, to September 30, 1940.

The taxes sought to be collected allegedly became due and delinquent under the Oklahoma Consumers' Tax Law of 1935 (art. 7, ch. 66, S.L. 1935); the Consumers and Users Tax Act, 1937 (art. 10, ch. 66, S.L. 1937) and the Consumers and Users Tax Act, 1939, (art. 11, ch. 66, S.L. 1939).

It is shown that during the period hereinabove mentioned, the city owned and operated a swimming pool which was located in Government Springs Park, which park was owned by the city and operated by its employees. A charge of admission to the swimming pool of 15 cents for adults and 10 cents for children was made by the city and resulted in the collection of substantial revenues.   No sales tax was charged by the city or collected from the patrons of the swimming pool for the period

above mentioned, the city having taken the position that the swimming pool was not within the classification of businesses or occupations described and defined in the aforesaid acts, the gross sales of which are made subject to the tax.

The principal contention is that, since no sales taxes were charged or collected upon the receipts from the operation of the swimming pool, and since no action was taken by the Tax Commission within the fiscal year to enforce collection of any sales tax upon said receipts, any attempted collection of such taxes thereafter would be, in effect, the levying of a tax against municipally-owned property in contravention of section 6, art. 10, of the Constitution.

In order to determine whether or not the tax levied by the aforesaid acts might, under any circumstances, be construed as a property tax, it is necessary to notice the levying provisions of the respective acts.

Section 4 (a), art 7, ch. 66, S.L. 1935, provides as follows:

"There is hereby levied a tax of one (1%) centum upon the gross proceeds of all sales and/or purchases of all tangible personal property, consisting of goods, wares or merchandise, sold to or purchased by consumers and/or users within the State of Oklahoma; and a like tax upon the gross proceeds of all sales to or purchases by consumers and/or users, within this State, derived from the following:

"(a) Tickets or admissions to places of amusement and athletic events; . . ."

Section 5, art. 10, ch. 66, S.L. 1937, provides, in part, as follows:

"There is hereby levied an excise tax of two (2%) per centum, except where a greater rate is hereinafter provided, upon the gross proceeds or gross receipts derived from the sale subsequent to May 31, 1937, to consumers or users, for use or consumption, of the following: . . .

"There is hereby levied a like tax of two (2%) per centum upon the gross proceeds or gross receipts derived from:

"Dues or fees to clubs, and the sale of tickets or admission to places of amusements, to athletic, entertainment, recreational events, or dues or fees for the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities, including free or complimentary passes and tickets, admissions, dues or fees; such free or complimentary passes, tickets, dues or fees hereby being declared to have a value equivalent to the sale price of tickets, passes, admissions, fees or dues of like kind or character. Prizes given by theatres and other amusement enterprises to purchasers of tickets or persons attending such theatres or amusement enterprizes."

Section 5, art. 11, ch. 66, S. L. 1939, is, in part, as follows:

"Section 5. There is hereby levied an excise tax of two (2%) per centum upon the gross proceeds or gross receipts derived from all sales to any person subsequent to May 31, 1939, of the following: . . . .

"(j) Dues or fees to clubs, and the sale of tickets or admissions to place of amusement, to athletic, entertainment, recreational events, or dues or fees for the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities, including free or complimentary passes and tickets, admissions, dues or fees, such free or complimentary passes, tickets, dues or fees hereby being declared to have a value equivalent to the sale price of tickets, passes, admissions, fees or dues of like kind or character."

In the case of City of Ardmore v. State ex rel., 168 Okla. 316, 32 P. 2d 728, it was held that section 6, art. 10, of the Constitution applies to a property tax and has no application to an excise tax. Board of Com'rs v. Oklahoma Tax Comm., 185 Okla. 625, 95 P. 2d 605; In re Baptist Gen. Convention, 195 Okla. 258, 156 P. 2d 1018. We here

point out that in the levying provisions of the 1937 and 1939 Acts the Legislature was careful to define the tax as "an excise tax."

In the case of Lutz v. Arnold, 208 Ind. 480, 193 N.E. 840, 844, it was said:

"The declaration in a statute that the tax is of a particular nature, while not conclusive, is very important and must be given consideration in construing the statute. As said in the case of Flint v. Stone Tracy Co., 220 U.S. 107, at page 145, 31 S.Ct. 342, 346, 55 L.Ed. 389, Ann. Cas. 1912B, 1312: 'While the mere declaration contained in a statute .that it shall be regarded as a tax of a particular character does not make it such if it is apparent that it cannot be so ·designated consistently with the meaning and effect of the act, nevertheless the declaration of the law-making power is entitled to much weight.' "

See, also, White Dental Mfg. Co. v. Commonwealth, 212. Mass. 35, page 40, 98 N.E. 1056, 1059, Ann. Cas. 1913C, 805, and annotation 103 A.L.R. 18.

In the case of Oklahoma Tax Comm. v. Sisters of the Sorrowful Mother, 186 Okla. 339, 97 P. 2d 888, the court was concerned with article 11, ch. 66, S.L. 1937, designated as the "Use Tax, 1937," which act is very similar to the acts involved herein. The court held that such tax was neither a tax on the property. of plaintiff nor its income; that it was an excise tax which the state is authorized to exact, and, in connection with the "Consumers Tax Act," it had for its primary purpose the raising of revenue for state purposes.

In the case of Wiseman v. Phillips, 191 Ark. 63, 84 S.W. 2d 91, the Arkansas court was dealing with its sales tax law which levied a tax of "two (2%) per centum of the gross proceeds" derived from certain sales. Therein it was said:

" 'There is no exact definition of excises, but ordinarily they are duties laid on the manufacture, sale, or consumption of commodities, or upon certain callings or occupations, and are generally referable to the police power of the state.' See, also, Sparling v. Refunding Board, 189 Ark. 189, 71 S.W. 2d 182. From these decisions we are bound to conclude that the tax levied by said Act No. 233 is an excise tax or privilege tax that is not prohibited. Whether it is such a tax on the purchase or the sale, or the right to acquire personal property for use or consumption, or whether it is a tax on the transaction, it is unnecessary to determine. Whatever it is and by whatever name it may be called, its character must be determined by its incidents, and its validity must be measured by the Constitution under the rules stated. It is certain that it is not a tax levied upon any one's occupation; therefore, not an occupation tax. The merchant is not taxed. He is a tax collector. The tax is required of the purchaser and the merchant must collect and account for it. The buyer's occupation is not taxed. It is not a pursuit or occupation to buy at retail for use or consumption."

The question involved in the case of State ex rel. Cement Co. v. Smith, 338 Mo. 409, 90 S.W. 2d 405, is, in some respects, similar to the question presented herein. In that case the State Highway Commission contended that it was· not required to pay a sales tax upon materials ·purchased for the construction and maintenance of state highways. It was shown that the law had levied a tax of one per centum upon the purchase price of every retail· sale, within the state, of tangible personal property. Section 6, art. 10, of the Missouri Constitution exempted from taxation the property, real and personal, of the state, counties, and other municipal corporations. Therein the court said:

" 'Excises, in their original sense, were something cut off from the price paid on a sale of goods, as a contribution to the support of government. The word, however, has come to have a broader meaning and includes every form of taxation which is not a burden laid directly upon persons or property; in other words, excises include every form of charge imposed by public authority for the purpose or raising revenue upon the

performance of an act, the enjoyment of a privilege, or the engaging in an occupation.' (26 R.C.L., sec. 18, p. 34.) The same text, in pointing out the distinction to be drawn between property taxes and excise taxes, says, 'If a tax is imposed directly by the Legislature without assessment, and its sum is measured by the amount of business done or the extent to which the conferred privileges have been enjoyed or exercised by the taxpayer irrespective of the nature. or value of the taxpayer's assets, it is regarded as an excise.' (26 R.C.L., sec. 19, p. 35.) 1 Cooley on Taxation (4 Ed.) section 42, page 127, defines excises as 'taxes laid upon the manufacture, sale or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges.' Under these general definitions of the term, as well as upon the authority of the many adjudicated cases, we think it so clear as not to be open to question that the tax in controversy is an excise, and not a property tax. (See Independent School District v. Pfost, 51 Idaho, 240, 4 P. 2d 893, 84 A.L.R. 820; Crockett v. Salt Lake County, 72 Utah, 337, 270 P. 142, 60 A.L.R. 867; Portland v. Kozer, 108 Ore. 375, 217 P. 833; Standard Oil Co. v. Brodie, 153 Ark. 114, 239 S.W. 753; Wiseman v. Phillips, 191 Ark. 63, 84 S.W. 2d 91; Pierce Oil Co. v. Hopkins, 282 Fed. 253; Monomotor Oil Co. v. Johnson, 292 U.S. 86.) It will be observed that the exemptions granted by the Constitution and the statute, supra, are limited by express terms to the real and personal property of the several bodies mentioned. Accordingly, article X, section 6 of the Constitution has been held to have no application to collateral inheritance taxes (State ex rel. v. Henderson, 160 Mo. 190, 60 S.W. 1093), nor to license fees (State v. Distilling Co., 236 Mo. 219, 139 S.W. 453). And we think in this instance the statute does not impinge upon the constitutional provision pointed out, nor violate the statute relied on, and is valid."

In the case of Lutz v. Arnold, supra, it was held:

"An 'excise tax' is a tax imposed on performance of an act, engaging in an occupation or enjoyment of a privilege, and every form of tax not imposed directly on property must constitute an 'excise' if it is a valid tax of any description."

In the case of Asher v. Johnson, 26 Cal. A. 403, 79 P. 2d 457, it was said:

" 'The retail sales tax, which requires the payment of a specified percentage of the gross receipts from the sales of merchandise, as a privilege of conducting the business of selling tangible personal property, is an 'excise' or 'privilege tax,' as distinguished from a personal property tax. 2 Cooley on Taxation (3 Ed.) p .1094; 2 Cooley's Constitutional Limitations (8th Ed.) p. 988; 61 C.J. p. 242, sections 227, 228: Vancouver Oil Co. v. Henneford, 183 Wash. 317, 49 P. 2d 14; Morrow v. Henneford, 182 Wash. 625, 47 P. 2d 1016.' "

In the case of Morrow v. Henneford, supra, the paramount question involved was whether or not a sales tax was a direct levy upon property, or was an excise tax, and therefore not in contravention of certain provisions of the state and federal Constitutions relating to apportionment. The conclusion of the court in that case was that the tax was an excise tax, and its opinion was predicated principally upon the case of Bromley v. McCaughn, 280 U.S. 124, 50 S. Ct. 46, 47, 74 L. Ed. 226, which case involved the validity of an act which levied a tax upon gifts inter vivos. We quote from the opinion in the last cited case, as follows:

"The meaning of the phrase 'direct taxes' and the historical background of the constitutional requirement for their apportionment have been so often and exhaustively considered by this court (citing authorities) that no useful purpose would be served by renewing the discussion here. Whatever may be the precise line which sets off direct taxes from others, we need not now determine. While taxes levied upon or collected from persons because of their general ownership of property may be taken to be direct (citing authorities), this court has consistently held, almost from the foundation of the government, that a tax imposed upon a particular use of property or the exercise of a single power over property incidental to ownership, is an excise which need not be apportioned, and it is enough for

present purposes that this tax is of the latter class (citing authorities).

"It is a tax laid only upon the exercise of a single one of those powers incident to ownership, the power to give the property owned to another. Under this statute all the other rights and powers which collectively constitute property or ownership may be fully enjoyed free of the tax. So far as the constitutional power to tax is concerned, it would be difficult to state any intelligible distinction, founded either in reason or upon practical considerations of weight, between a tax upon the exercise of the power to give property inter vivos and the disposition of it by legacy, upheld in Knowlton v. Moore, 178 U.S. 41, 44 L.Ed. 969, 20 Sup. Ct. Rep. 747, the succession tax in Scholey v. Rew, 23 Wall. 331, 23 L.Ed. 99, the tax upon the manufacture and sale of colored oleomargarin in McCray v. United States, 195 U.S. 27, 49 L.Ed. 78, 24 Sup. Ct. Rep. 769, 1 Ann. Cas. 561, the tax upon sales of grain upon an exchange in Nicol v. Ames, 173 U.S. 509, 43 L.Ed. 786, 19 Sup. Ct. Rep. 522, the tax upon sales of shares of stock in Thomas v. United States, 192 U.S. 363, 48 L.Ed. 481, 24 Sup. Ct. Rep. 305, the tax upon the use of foreign built yachts in Billings v. United States, 232 U.S. 261, 58 L.Ed. 596, 34 Sup. Ct. Rep. 421, the tax upon the use of carriages in Hylton v. United States, 3 Dall. 171, 1 L.Ed. 556; compare Veazie Bank v. Fenno, supra (8 Wall. 545, 19 L.Ed. 486); Thomas v. United States, supra (192 U.S. 370, 48 L.Ed. 483, 24 Sup. Ct. Rep. 305).

"It is true that in each of these cases the tax was imposed upon the exercise of one of the numerous rights of property, but each is clearly distinguishable from a tax which falls upon the owner merely because he is owner, regardless of the use or disposition made of his property."

In the case of State ex rel. Porterie v. Hunt, 182 La. 1073, 162 So. 777, 103 A.L.R. 9, it was said:

"The distinction between a property tax and an excise tax is set forth in Cooley on Taxation (4th Ed.) vol. 1, p. 131, sec. 45, as follows, viz: 'Generally the answer to the question whether a particular tax is a property tax or an excise tax is so apparent that there is no room for argument; but in many phases the question has been the subject of much litigation, especially in regard to whether a tax on a corporation is an excise tax or a property tax. If the tax is directly on property itself, the tax is a property tax; but a tax is an excise tax rather than a property tax where it is not a tax on property as such, but upon certain kinds of property, having reference to their origin and their intended use. Another thing to be noted, it has been said, is that the obligation to pay an excise tax is based upon the voluntary action of the person taxed in performing the act, enjoying the privilege, or engaging in the occupation which is the subject of the excise, and the element of absolute and unavoidable demand, as in the case of a property tax, is lacking.' "

In the early case of Society for Savings v. Coite, 73, U.S. 594, 18 L.Ed. 897, it was pointed out that whenever a property tax was imposed by law, provision was made that the value of the property be ascertained by appraisement and that the tax be assessed upon the appraised value of the property. The essential difference between an ad valorem tax and any form of privilege tax is that the ad valorem property tax is based upon the value of the property, tangible or intangible. Pacific Gas & Elec. Co. v. Roberts, 168 Cal. 420, 143 P. 700. See, also, Commonwealth v. Columbia Gas & Elec. Corp., 336 Pa. 209, 8 Atl. 2d 404, 131 A.L.R. 927. Other authorities to the same tenor and effect as those hereinabove cited are collected in the following annotations: 89 A.L.R. 1432, 110 A.L.R. 1485, 117 A.L.R. 847, 128 A.L.R. 894, 103 A.L.R. 93. See, also, 26 R.C.L., sec. 19, p. 35, 33 C.J.S., Excise, p. 110.

Under the overwhelming weight of authority, we are compelled to hold that the tax involved herein is an excise and not a property tax. It is obvious that the failure of the Tax Commission to proceed more promptly with enforcement of the collection of taxes involved herein could not change the fundamental character or nature of the

tax since that must be determined by the provisions of the law by which the same is levied and not by the action or inaction of the officials charged with enforcement of its collection.

In support of its view that the commission erred in fixing tax liability against it, appellant argues that the swimming pool is a place of recreation and not an amusement or event, and therefore the proceeds or receipts from admissions thereto are not taxable under the above-quoted provisions of the various acts. The 1937 and 1939 Acts provide for the levying of the tax upon "dues or fees for the privilege of having access to . . . recreational facilities . . ." The 1935 Act fixes the tax upon the proceeds of sales of "admissions to places of amusement." Although the words "amusement" and "recreation" are not identical in meaning, they are synonymous when related to the passing of time in pleasant or agreeable occupations. Pearson v. City of Seattle, 14 Wash. 438, 44 P. 884; Young v. Board of Trustees, 90 Mont. 576, 4 P. 2d 725; Beard v. Board of Education, 81 Utah, 51, 16 P. 2d 900; Webster's Dictionary of Synonyms.

We hold that the language employed in the various acts is sufficient to include the sales of admissions to the swimming pool operated by the appellant.

This appeal presents only the question of tax liability of the city. No procedural question is raised and no contention is made that the present proceeding is improper in the light of the various provisions of the respective acts relating to enforcement of collection of the taxes involved.

The order is sustained.

HURST, V.C.J., and RILEY, BAYLESS, and DAVISON, JJ., concur. GIBSON, C.J., concurs as to taxes under the 1935 Act, but dissents as to taxes under 1937 and 1939 Acts. WELCH and CORN, JJ., dissent.

RILEY, J. (concurring specially). The Oklahoma Tax Commission, on March 27, 1941, assessed the city of Enid for sales tax on gross revenue derived from the sale of tickets and admissions to a swimming pool owned and operated by the city. The years involved are from 1935 to 1940, inclusive. Statutes involved are section 6, art. 7, ch. 66, S.L. 1935, section 5, art. 10, ch. 66, S.L. 1937, and section 5, art. 11, ch. 66, S.L. 1939. Each act levies a tax upon tickets or admissions to places of amusement and each act is made to apply to municipal corporations. Sec. 3, 1935, sec. 4 (a), 1937, sec. 2 (a), 1939.

While the 1935 Act levies a tax upon "sales and or purchases" "sold to or purchased by consumers and/or users" whereas the later acts provide levies only upon "gross proceeds or gross receipts derived from the sale . . . to consumers or users," there is no difference of consequence, notwithstanding that in the 1935 Act the seller was specifically made the agent for collection of the tax. It is obvious that at the time of the transaction the city, as seller, had ample opportunity for full indemnity "by adding the amount of the tax to the selling price . . . thus in effect to collect the tax from the consumer.": People v. Ventura Refg. Co., 204 Cal. 286, 268 P. 347, 283 P. 60.

The general rule is that municipalities are subject to the same liabilities as private corporations or individuals except when they are exercising purely governmental functions.

The sales tax is an excise and not a property tax and its imposition is not prohibited by section 6, art. 10, Constitution, providing there shall be exempted from taxation "all property of the United States and of this state and of counties and of municipalities of this state." City of Ardmore v. Oklahoma Tax Commission, 168 Okla. 316, 32 P. 2d 728; Board of Commissioners v. Oklahoma Tax Commission, 185 Okla. 625, 95 P. 2d 605. In fact, section 12, art. 10, Constitution, empowers the Legislature to provide for the levy and the

collection of license, gross revenue, excise, income, or other specific taxes, and this provision applies to municipalities engaged in business or other enterprise the same as to private persons or corporations when such municipalities are specifically embraced within the terms of the tax act. City of Phoenix v. State ex rel., 53 Ariz. 28, 85 P. 2d 56, 128 A.L.R. 909. A swimming pool has been held to be within the term of a place of amusement. 3 C.J.S. 1060. Laches are not applicable to the state. State ex rel. King v. Friar, 165 Okla. 145, 25 P. 2d 620. The order of the State Tax Commission should be sustained.