## Fischer's Pool Swimming Club et al. v. Towamencin Township et al.

*Jules Pearlstine*, for plaintiffs.

*Guy S. Claire*, for defendants.

KNIGHT, P. J., August 7, 1953.—This is a bill, answer, and final hearing.

### Questions Involved

1. Does the tax resolution apply to Fischer's Pool if the major portion of the land area comprising the pool and other recreational facilities is not located in Towamencin Township?

2. Does the tax imposed by the taxing resolution exceed the limit of 10 percent fixed by the enabling act?

3. Does the term, "amusement", as set forth in the tax resolution apply to the dues of members of the Fischer's Pool Swimming Association?

4. Does the term, "amusement", include a swimming pool or swimming club within the meaning of the enabling Act of June 25, 1947, P. L. 1145, as amended, 53 PS §2015.1 et seq.

### Findings of Fact

1. Plaintiff is Fischer's Pool Swimming Club, an unincorporated association located at Fischer's Pool in Towamencin Township near Lansdale, Pa., and brings this action through its officers as trustees ad litem. Frank Lopp, plaintiff herein, brings this action as an individual taxpayer affected by the tax resolution adopted by the Township of Towamencin.

2. Defendants are W. F. Whitman, Wilson F. Allebach, Warren Alderfer, Leidy S. Kriebel, and John L. Kulp, school directors of Towamencin Township and the School District of Towamencin Township.

3. On June 4, 1952, defendants, acting as the directors of Towamencin Township and the School District of Towamencin Township, adopted Tax Resolution No. 2, effective July 5, 1952, under the authority of the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §2015.1 et seq., whereby defendants levied a tax on admissions to places of amusement at the rate of 1 cent on each 10 cents, or fraction thereof, of the admission price by such place of amusement.

4. Plaintiffs were notified by the solicitor of the School District of Towamencin Township that it intended to assess a tax of 1 cent on each 10 cents or fraction thereof under the provisions of resolution no. 2, and a tax on annual membership dues paid by members of Fischer's Pool Swimming Club.

5. Fischer's Pool was operated for 17 years as a public swimming pool for the use of which an admission was charged. In 1950 the owner of Fischer's Pool, Eric Arneth, leased the pool and all facilities, except

the refreshment stand, to an unincorporated association named the Fischer's Pool Swimming Club for a rental of $20,000 per annum.  The club was formed for the purpose of encouraging and fostering swimming and also as a device better to control admissions to the pool.

6. The lessor, E. A. Arneth, is the manager for the club in the operation of the pool and is the one who conducts the business of the pool.  He hires and discharges all employes and pays all salaries and other expenses of operating the pool from the rental he receives, except one half the salary of the cashier.

7. Under the bylaws of the Fischer's Pool Swimming Club, hereafter called the club, there are four classes of members as follows: (1) Resident members composed of those who rent cottages owned by the lessor on land contiguous to the pool.  In 1952 the number of resident members was 20 and they each paid $10 per annum and have unlimited use of the pool; (2) senior members made up of persons who have passed their twelfth birthday.  In 1952 the number of senior members was 572 and each paid $10 per annum.  The senior members have unlimited use of the pool.  (3) Junior members are persons under 12 years of age.  In 1952 there were 357 junior members who each paid $7.50 per annum.  (4) Active members are persons who paid an initiation fee of 50 cents and 50 cents each time they used the pool.  In 1952 there were 10,659 active members who paid $2,664.75 in initiation fees or dues.

8. In 1952 the total receipts of the club were about $27,000, of which amount the daily admission fees of active members amounted to between $10,000 and $12,000.

9. The facilities of the club are used occasionally by organizations who hold outings there.  These organizations pay for the privilege and the money goes into the treasury of the club.

10. The youth program of the Lansdale Recreation

Center uses the club facilities on various days during the week from 10:30 a.m. to 12:30 p.m. for the purpose of teaching the children of the area to swim. However, these children do not become active members of the pool but pay a special rate of 35 cents for the privilege of swimming at the pool.

11. In connection with the pool, the club maintains facilities for other sports such as basketball, volley ball, ping pong, shuffleboard, etc. No extra charge is made for the use of these facilities.

12. About two thirds of the land area comprising the Fischer's Pool project is in Worcester Township; the balance is in Towamencin Township. The swimming pool, the pavilion, the lockers, and some of the other facilities are in Towamencin, the wading pool for little children and most of the other facilities are in Worcester.

13. The active members who pay 50 cents dues per year, plus an individual rate of 32 cents, would be compelled to pay four cents tax under resolution no. 2 of the School District of Towamencin Township, which would be the equivalent of 11.9 percent. The Towamencin tax of 1 cent on every 10 cents or fraction thereof was also to be taxed upon the five-cent Federal tax. All persons over the age of 12 who are active members pay the sum of 42 cents admission, or the sum of five cents to the School District of Towamencin Township which exceds the 10 percent provided by the enabling act. A spectator who comes to the pool purely to watch the swimming pays an admission fee of 85 cents, six cents of which is paid to the Federal Government, and four cents payable to the School District of Township of Towamencin. The annual members being the resident members, the senior members and the junior members would pay the sum of 1 cent on every 10 cents of their annual dues.

14. The Fischer's Pool Swimming Club is a bona fide organization. It has duly elected officers and in 1952

had 11,609 members, all of which were given notice of the annual meeting in 1952 but only 15 attended the meeting. To become a member of the club a written application must be signed by the applicant which must be approved by a member of the membership committee or someone delegated for that purpose. The club has no employes but pays its secretary $100 per annum and it also pays one half the salary of a cashier who is a member of the membership committee and passes on many applications for active membership.

15. The Towamencin Township Amusement Tax Resolution No. 2 contains, inter alia, the following relevant provisions:

"Providing for the levy and collection of a tax for general school district purposes on admissions to or for engaging in amusements at places of amusement, the major portion of which is located within the school district of the township of Towamencin; requiring all persons conducting places of amusement to secure permits; prescribing the method and manner of collecting the tax imposed by this resolution; and providing certain exemptions and imposing certain penalties.

"The term 'Admission' shall mean monetary charge of any character whatever, including donations, contributions and dues or membership fees (periodical or otherwise) charged or paid for the privilege of attending or engaging in amusement as hereinafter defined.

"The term 'Amusement' shall mean all manner and form of entertainment including among others but not limited to the following: Theatrical performances, operatic performances, motion picture exhibition, sound motion picture exhibitions, carnival, sports event, swimming or bathing pool, vaudeville show, side show, amusement park and all forms of entertainment therein, dancing, golf course, bowling alley, billiard game, athletic contest, auto race, midget auto race, and any other form of diversion, sport, pastime or re-

creation for which admission as herein defined is charged or paid.

"Section 11. A tax is hereby imposed for general school district purposes at the rate of one cent (1¢) for every ten cents (10¢) or fraction thereof, on admission to or for engaging, in any amusement at any place of amusement, the major portion of which is located within the limits of the Township of Towamencin.

"Provided: That where no fixed admission as herein defined is charged, the tax shall be based upon the gross admissions collected.

"Section X. This resolution shall not apply to any person or property as to whom or which it is beyond the legal power of the School Directors of the Towamencin Township School District to impose the tax or duties herein provided for. This resolution shall not apply to children below the age of fourteen years."

### Discussion

1. Plaintiffs contend that because the major portion of the land area of the Fischer's Pool establishment is in Worcester Township, defendants' tax resolution cannot apply to the pool. The resolution declares that it applies "on admissions to and for engaging in amusements at places of amusement, the major portion of which is located within the school district of the Township of Towamensin".

The evidence discloses that the swimming pool, the locker rooms, the pavilion, and perhaps some other facilities such as parking, are in Towamencin Township, while the wading pool and other recreational facilities are in Worcester Township. The predominant activity of the pool is swimming; the other activities are incidental to the main purpose of the establishment. The Fischer's Pool Swimming Club, as its name implies, was organized for the purpose of fostering swimming and the only place where its members can swim is in the main pool. They cannot swim in the wading

pool. The overwhelming majority of those who come to the pool come to swim. Without the swimming pool, the lockers, and the pavilion, the Fischer's Pool project would not exist.

We are of the opinion that the major portion of the project, call it an amusement or not, is in Towamencin Township and that it comes within the swathe of the taxing resolution geographically.

2. Does the tax imposed by the taxing resolution exceed the limit of 10 percent fixed by the enabling act?

It seems too plain to require discussion that the taxing resolution imposes a tax in excess of the rate allowed by the enabling act. As an illustration, consider the tax on the daily admission of an active member, and the great majority of the patrons of the pool are in the class of active members. The actual admission charge to an active member who wishes to use the pool is 42 cents and there is a Federal tax of eight cents, making a total of 50 cents. On this admission charge, the taxing resolution imposes a tax of 5 cents or 1 cent on each 10 cents or fraction thereof. The school district could not put a tax on the Federal tax and simple arithmetic demonstrates that 5 cents is more than 10 percent of 42 cents. It is no answer to say that under our monetary system we have no unit of currency less than one cent. There is no more reason why the public should be overcharged a fraction of a cent than that the school district should lose that fraction. On the contrary, the law provides that the tax shall not exceed 10 percent and the school district had no authority to impose a greater tax.

We are of the opinion, however, that this relatively slight deviation from the terms of the enabling act does not render the entire taxing resolution unconstitutional and void.

Section XII of the resolution provides that if any sentence, clause, section, or part of the resolution is

found to be illegal, it shall not impair or affect the remaining provisions of the resolution.

More important, section 3 of the enabling Act of June 25, 1947, P. L. 1145, as amended by section 1 of the Act of May 9, 1949, P. L. 898, 53 PS §2015.3, provides inter alia:

"The Court may declare invalid . . . any portion of the ordinance or of the tax imposed or may reduce the rates of tax". We shall avail ourselves of this authority by declaring invalid all portions of the resolution imposing a tax greater than that of 10 percent of the admission fee and reducing the tax by striking from section 11 of the resolution the words, "or fraction thereof".

3. Does the term, "amusement", as set forth in the tax resolution apply to the dues of members of the Fischer's Pool Swimming Club?

If the Fischer's Pool was a public pool there would be no doubt that the price the patrons paid to use the same was a charge for admission and well within the purview of the tax resolution. There is no doubt that the Fisher's Pool Swimming Club is a bona fide organization. No matter what may have been the reason or motive for forming it, one thing is clear, that it was not organized for the purpose of evading the tax, for it came into being long before the tax resolution was passed.

While it is a bona fide club, in reality so far as the tax resolution is concerned, it has much the same character as a public pool. The club maintains no club house, it serves no meals and it conducts no social events for its members. Nine tenths of its membership are active members who pay purely nominal dues of 50 cents a year and then pay an admission charge for every time they use the pool. Obviously the only purpose of the small initiation fee and selection of members is to control the type of membership and keep un-

desirable persons away from the pool. We look upon the so-called dues of resident, senior, and junior members as nothing more than season tickets for the use of the pool. These members enjoy no greater rights than active members. That the members of Fischer's Pool Swimming Club look upon the money they pay to the club as admission to the pool rather than club dues is shown by the fact that of 11,609 members, all of whom received notice of the last annual meeting, but 15 attended. We hold then, that the membership dues are subject to the tax levied by the Towamencin School District.

4. Does the term, "amusement", include a swimming pool or swimming club within the meaning of the enabling Act of June 25, 1947, P. L. 1145, as amended, 53 PS §2015.1?

A swimming pool is within the scope of the tax resolution for it specifically includes under its definition of the term, "amusement", a swimming or bathing pool.

Is it within the scope of the enabling Act of June 25, 1947, P. L. 1145, as amended? The legislature by that act has authorized local authorities to tax "admissions to places of amusement, athletic events and the like". The School District of Towamencin Township has interpreted this to mean that swimming pool admissions may be taxed as amusement.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 33, 46 PS §533, provides that "Words and phrases shall be construed according to their common and approved usage". Accordingly, it is in order that we consult the dictionary definition of the word, "amusement". The editors of Webster's Collegiate Dictionary define amusement as: "Entertainment; that which amuses". They then go on to point out that the word, "amusement", is synonymous with "recreation, relaxation, pastime, sport, fun".

Defendant contends that because of the athletic, therapeutic, and educational aspects of swimming, swimming instruction, and life saving instruction, that going to a swimming pool cannot be considered an amusement within the commonly accepted meaning of the word. With this contention we cannot agree. Certainly, to the great masses of people who go to swimming pools the purpose in so going is for recreation, relaxation, sport, fun, and in an endeavor to escape the summer heat. To those people who visit swimming pools for athletic training or who swim for the therapeutic effects, we have no doubt that there is little if any amusement attached to their efforts. However, such individuals comprise but a small handful of the total number visiting swimming pools.

A study of the law on this subject reveals that there are no Pennsylvania cases in point. However, the problem of what constitutes an amusement has been the subject of litigation in other jurisdictions. Thus, in Pearson v. City of Seattle, 14 Wash. 438, 44 Pac. 884 (1896), in a case involving a requirement that public amusements be licensed the court held that the word amusement is synonmous with diversion, entertainment, recreation, pastime, and sport. In Young v. Board of Trustees, 90 Mont. 576, 4 P. 2d 725 (1931), the court defined amusement as a pleasurable occupation of the senses, or that which furnishes it, as dancing, sports, or music. In re City of Enid, 195 Okla. 365, 158 P. 2d 348 (1945), the court held that although the words "amusement and recreation", are not identical, they are synonymous when related to passing of time in pleasant or agreeable occupations. In Stiska v. City of Chicago, 405 Ill. 374, 90 N. E. 2d 742 (1950), the court held that a statute authorizing corporate authorities of a municipality to tax amusements, authorized the city to enact an ordinance imposing a tax on gross

receipts from admission fees or charges on bowling and billiard and pool games.

It is readily apparent, therefore, that in construing swimming to be an amusement, this court is giving common or approved usage to the word, "amusement", a ruling which has been made in other cases of a like nature throughout the country.

The tax resolution in section 10 provides: "This resolution shall not apply to children below the age of fourteen years." Under this provision the dues of junior members of the Fischer's Pool Swimming Club are exempt from the tax and likewise all senior, resident, and active members under the age of 14 are exempt.

Fischer's Pool is a swimming pool of high order and merit and the Fischer's Pool Swimming Club is a bona fide club engaged in very worthwhile activities. The club has not sought to evade the tax and has set aside a sum of money sufficient to pay the same if it is found obligated by the law to do so. This is an honest dispute and the costs should be equally divided between the parties.

## Conclusions of Law

1. Under the Tax Resolution No. 2 of the School District of Towamencin Township, a major portion of Fischer's Pool is located in Towamencin Township.

2. The tax imposed by the resolution exceeds the limit as fixed by the Act of June 25, 1947, P. L. 1145, as amended, but this excess does not render the whole resolution unconstitutional and illegal.

3. This court has the power to reduce the rate of tax.

4. Under the resolution the dues of all members of the Fischer's Pool Swimming Club over 14 years of age are subject to the tax.

5. The term, "amusement", as used in the enabling act includes a swimming pool as described in the record of this case.

6. Section II of the tax resolution should be amended to read as follows:

"Section II. A tax is hereby imposed for general school district purposes at the rate of one cent (1¢) for every ten cents (10¢) on admission to or for engaging in any amusement at any place of amusement, the major portion of which is located within the limits of the Township of Towamencin, *Provided:* That where no fixed admission as herein defined is charged, the tax shall be based upon the gross admissions collected."

7. The costs should be divided equally between the parties, plaintiffs to pay one half, the school district to pay one half.

*Decree Nisi*

And now, August 7, 1953, it is ordered, adjudged, and decreed that the prothonotary mark these findings of fact and conclusions of law filed, to become a part of the record of this case, and enter the following decree nisi: this bill is dismissed, but section II of the resolution is amended to read:

"A tax is hereby imposed for general school district purposes at the rate of one cent (1¢) for every ten (10¢) on admission to or for engaging in any amusement at any place of amusement, the major portion of which is located within the limits of the Township of Towamencin, *Provided:* That where no fixed admission as herein defined is charged, the tax shall be based upon the gross admissions collected."

One half the costs to be paid by plaintiffs, one half the costs to be paid by the School District of Towamencin Township.

Notice to be given by the prothonotary as required by the rules of equity practice, that unless exceptions shall be filed within 20 days from the date, the decree nisi will become the final decree, as of course.

OPINION SUR EXCEPTIONS

KNIGHT, P. J., November 10, 1953.—Plaintiffs have filed 12 exceptions to the findings of fact, conclusions of law, and decree nisi of the chancellor.

The first four exceptions challenge certain findings of fact. These exceptions were not pressed at the argument or in the brief filed by counsel for plaintiffs. We shall therefore only consider them to the extent of holding that all of the questioned findings of fact are supported by the evidence and these exceptions should be and are dismissed.

The remaining exceptions are directed at the chancellor's conclusions of law and decree nisi. They involve certain questions which we shall now discuss.

Tax resolution no. 2, adopted by the school directors of Towamencin School District, levied a tax on admissions to places of amusement "the major portion of which is located within the School District of the Township of Towamencin." The activities of the Fischer's Pool Swimming Club are fully described in the findings of fact. Suffice it to say that the pool, the lockers, the pavilion, the refreshment stand, and the ticket booth are all located within defendant school district. Other facilities, such as a baseball field, badminton court, wading pool, etc., are located in Worcester Township, together with about two thirds of the land leased by the swimming club. The chancellor held that the admissions to the swimming pool were within the scope of the taxing resolution. We do not think this is error. The words, "major portion thereof", apply to the place of amusement and not to all the land that may be incident thereto. There can be no doubt that the principal place of amusement is the swimming pool, as indeed the name of the club indicates. The other recreational facilities are merely incidental to the main purpose of the club, which is swimming. Mr. Arneth, a member and director of the club and lessor of the club

facilities, testified that the purpose of the club was to foster swimming. We are of the opinion that the major portion of the Fischer's Swimming Pool is within the School District of the Township of Towamencin.

The tax resolution imposed a tax of 1 cent on every 10 cents of an admission charge or fraction thereof. This obviously exceeded the limit of 10 percent as contained in the enabling act. The chancellor struck from the resolution the words, "or fraction thereof", as unconstitutional. Counsel for plaintiff devoted much time in his argument and argues at length in his brief that in doing this the chancellor exceeded his authority and usurped the legislative power of the board of school directors. The enabling Act of June 25, 1947, P. L. 1145, as amended by section 1 of the Act of May 9, 1949, P. L. 898, 53 PS §2015.3, provided, inter alia: "The court may declare invalid any portion of the ordinance or of the tax imposed or may reduce the rates of tax". We do not think the chancellor sought to legislate; he simply struck out the words that made the resolution invalid as to all amounts over the 10 percent limitation.

Even if we consider that the chancellor reduced the rate of the tax we think it was within the authority conferred upon the court by the enabling act. We do not think, however, that the chancellor was substituting his judgment for the judgment of the board of school directors, he simply declared as invalid that portion of the resolution which resulted in making the tax exceed the limit allowed by the enabling act.

The next contention of plaintiffs is that the term, "amusement", as set forth in the tax resolution, does not apply to the members of the Fischer's Pool Swimming Club who pay $7.50 or $10 a season for the use of the pool and its facilities.

The chancellor took the view that these members simply bought a season ticket to the pool and by making a lump payment acquired the privilege of using the pool as often as they desire throughout the swimming season. We are of the opinion that the chancellor did not err in so holding.

The next contention of plaintiffs is that the term, "amusement", does not cover a swimming pool and the Fischer's Swimming Pool is not within the scope or meaning of an amusement as that term is used in the enabling act.

We can add little to what the chancellor has said in his adjudication on this question, except to say that the enabling act has authorized local authorities to tax "admissions to places of amusement, athletic events and the like". The words, "and the like", show that the legislature did not intend to confine the taxing power to what, in a strict and narrow sense, might be termed an amusement or an athletic event. We think the words, "and the like", are synonymous to "similar to", having some, if not all, of the characteristics of an amusement or athletic event. A swimming pool affords recreation and gives pleasure, attributes of an amusement in its strictest sense.

The last contention of plaintiffs is that the chancellor in effect legislated retroactively. This contention involves the difference of opinion between chancellor and counsel for plaintiffs. The latter contends that in striking out the words, "or fraction thereof", he amended the taxing ordinance and changed the whole scheme of taxation, in effect enacting a new tax resolution. The chancellor took the view that in striking out the words that rendered a portion of the resolution invalid, the effect was the same as if the words had never been inserted in the resolution. The good is not so intermingled with the bad in the resolution that the bad

cannot be removed without destroying the whole resolution.

As a practical matter the Fischer's Pool Swimming Club has not paid any of the tax and the proper amount due can be ascertained without much difficulty.

And now, November 10, 1953, the exceptions are dismissed and the decree nisi shall become the final judgment of the court.