The Attorney General has received your request for an opinion wherein you ask the following question: "Are state agencies required to pay, as part of their monthly utility bills, franchise payments which are in turn paid by the electrical utility to the municipality?" In answering your inquiry it is necessary to review the source of a municipality's authority to collect such franchise payments. The Oklahoma Constitution, Article XVIII, Section 2, provides as follows: "Every municipal corporation now existing within this state shall continue with all of its present rights and powers until otherwise provided by law, and shall always have the additional rights and powers conferred by this Constitution." Prior to adoption of the Constitution and statehood, the territories, both Oklahoma and Indian, had provisions under which municipalities could enter into arrangements to provide utility services and other services to inhabitants. This was done by charter in Oklahoma Territory for a period not exceeding 21 years and by contract by and between the mayors and/or city councils with private companies in Indian Territory. Mansfield Digest, Chapter 29, 775 (Ind. T. Ann. St., 1899, 525); City of Okmulgee v. Okmulgee Gas Co. (Oklahoma Natural Gas Corporation substituted), 140 Okl. 88, 282 P. 640 645
(1929). The Oklahoma Constitution, Article XVIII, Section 5(a) and Article XVIII, Section 5(b) limited the powers of municipalities to grant franchises by expressly requiring approval of a majority of qualified electors residing in the corporate limits of the municipality. In Oklahoma Gas Electric Co. v. Total Energy, Inc.,499 P.2d 917 (Okl. 1972) citing Territory ex rel. Oklahoma Gas Electric Company v. DeWolfe, 13 Okl. 454, 74 P. 98
(1903) the Supreme Court held that while it is not necessary to have a franchise to generate and distribute electricity, a franchise is necessary in order for any person or company to enjoy the use of streets or alleys of a municipality in a manner not permitted the general public and a mere contract may not be substituted for a franchise by any municipality in Oklahoma. State v. Garrison, 348 P.2d 859 (Okl. 1960). While the Oklahoma Constitution, Article X, Section 12, clearly establishes the power and authority in the Oklahoma Legislature to provide for the levy and collection of license, franchise, gross revenue, excise, income and other specific taxes, the Legislature has not exercised this power to date to exempt or curtail collection of such payments by electrical public utilities which hold valid franchises from Oklahoma municipalities. There has been no affirmative act by the state's Legislature to remove residual powers from the municipalities, thus, they are still intact. State v. Linn, 49 Okl. 526, 153 P. 826
(1915). It is not necessary in answering your inquiry to determine whether or not such franchise payments or fees are excise or privilege taxes and thus come within the case of In Re City of Enid, 195 Okl. 365, 158 P.2d 348,159 A.L.R. 358 (1945). Such franchise payments have been treated as a rate-making expense and are, and have thus been, historically passed along to all rate payers as part of the general rates and charges of a public utility by Oklahoma's utility regulatory body. The legal incidence of such taxes or payments rests directly on the electrical public utility, not the rate payers, including the State of Oklahoma and its subdivisions. It has consistently been held by the courts, addressing this and analogous issues, that it is the incidence of the tax which controls and thus since the incidence of the franchise taxes or fees fall on the public utility, the rate payers must bear this part of their billing. United States v. Boyd, 378 U.S. 39,84 S.Ct. 1518, 12 L.Ed 2d 713 (1964); Marquardt Corp. v. Kleber, 360 F.2d 168, 171 (10th Cir., 1966); First National Bank of Maywood v. Jones, 48 Ill.2d 282,269 N.E.2d 494 (1971); State ex rel West Plains v. Public Service Commission, 310 S.W.2d 925 (Mo. 1958); Agron v. Illinois Bell Telephone Co., 449 F.2d 906 (7th Cir., 1971), cert. den., 405 U.S. 954, 92 S.Ct. 1171,31 L.Ed 2d 231 (1972); McQuillan, Municipal Corporations, 44.56. There are no statutory provisions which exempt the state or its subdivisions from making such payments and the general tax exemption for the State of Oklahoma and its political subdivisions pursuant to the Oklahoma Constitution, Article X, Section 6, applies only to ad valorem taxes. City of Ardmore v. Oklahoma Tax Commission,168 Okl. 316, 32 P.2d 728 (1932). Without legislative action, there is no legal basis for the state or its subdivisions to deduct an amount from their monthly utility billings by the electrical public utility equal to the amount billed by such utility as franchise payments or taxes. It is, therefore, the official opinion of the Attorney General that state agencies situated within the corporate limits of a municipality may not deduct from their monthly bills rendered for electric service by a public utility an amount equal to the franchise payment or taxes included therein when such electric public utility is operating under a valid franchise granted under the Oklahoma Constitution, Article XVIII, Section 5(a) and Article XVIII, Section 5(b) by said municipality. (RICHARD F. BERGER) (ksg)