Dear Honorable Dahl,
The Attorney General has received your request for an official opinion asking:
 "Do the laws of Oklahoma permit a city to charge sales tax to the consumer on electricity provided by an Electric Co-op to its customers?"
The ability of a municipality to tax the sale of electricity revolves generally around several provisions of the Oklahoma statutes. The specific statutory authority granting a city or town the ability to levy and collect taxes may be found in 68 O.S. 2701 — 68 O.S. 2705
(1981). 68 O.S. 2701 provides in part:
 "Any incorporated city or town in this State is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of State government except ad valorem property taxes. . . . [P]rovided, further, that cooperatives and communications companies are hereby authorized to pass on to their subscribers in the incorporated city or town involved, the amount of any special municipal fee, charge or tax hereafter assessed or levied on or collected from such cooperatives or communications companies."
This authority to levy and collect taxes for general and special purposes of municipal government would include the ability to levy and collect taxes on the sale of electricity. A review of the Oklahoma statutes reveals no additional limitations on the ability of a municipality to levy and collect taxes for the sale of electricity to citizens of that municipality. Therefore, a city or town has the statutory authority to charge sales tax to the consumer on electricity provided by a rural electric cooperative to its customers.
Your opinion request assumes that a municipality is currently assessing a franchise fee on a rural electric cooperative which is selling electricity to customers residing within the municipality. As discussed below the authority to levy and assess a franchise tax does not affect the ability of a municipality to levy and collect a city sales tax on electricity.
The statutory provision which grants to a city or town the authority to levy and assess a franchise tax on a rural electric cooperative is found in Title 68 O.S. 2601 — 68 O.S. 2605 (1981). 68 O.S. 2601
provides:
 "The power is hereby vested in the governing body of any city or town in the State of Oklahoma to levy and assess, by ordinance, an annual tax upon the gross receipts from residential and commercial sales of power, light, heat, gas, electricity or water in said city or town in an amount not exceeding two (2%) per cent of the gross receipts from residential and commercial sales, which tax shall be in lieu of any other franchise, license, occupation or excise tax, levied any such city or town." (Emphasis added).
Section 2601 authorizes the levy and assessment of a tax in the nature of a franchise, license, occupation or excise tax upon the gross receipts from sales of electricity. A. G. Opin. No. 83-20. The burden of this tax falls upon the utility which sells the power, light, heat, gas, electricity or water in a city or town may levy upon the utility. This levy is distinguishable from the sales tax levy found in 68 O.S. 2701. The tax authorized pursuant to 68 O.S. 2701 is in the nature of a sales tax levied upon the consumer, to be collected by the utility, for the sale of electricity to the consumer.
The distinction between a sales tax levied upon a purchaser of goods and a tax levied upon the seller of goods was stated in In re City ofEnid, 158 P.2d 348, 350 (Okla. 1945), wherein the Court stated: "The merchant is not taxed. He is a tax collector. The tax is required of the purchaser and the merchant must collect and account for it."
The question has been raised whether Title 18 O.S. 437.25 (1981), relieves rural electric cooperatives from the collection of a city sales tax on the sale of electricity. 18 O.S. 437.25 provides:
 "Each cooperative and each foreign corporation transacting business in this State pursuant to this Act shall pay annually, on or before the thirty-first day of August, to the Oklahoma Tax Commission, a fee of one dollar ($1.00) for each one hundred (100) persons or fraction thereof to whom electricity is supplied within the State by it, as of June thirtieth preceding, but shall be exempt from all other excise and income taxes whatsoever."
Section 437.25 is clearly not applicable to the statutory authority concerning city sales taxation on the sale of electricity. The tax levied pursuant to 18 O.S. 437.25 is distinguishable in that the burden of taxation falls upon the cooperative transacting business in the State and exempts that cooperative from other excise or income taxes levied upon the cooperatives. This section does not limit in any way the ability of a city or town to assess sales tax on the sale of electricity by a cooperative.
It is, therefore, the official opinion of the Attorney General that acity in Oklahoma may charge a sales tax to the consumer on electricityprovided by a rural electric cooperative to its customers.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MARC EDWARDS, ASSISTANT ATTORNEY GENERAL